## Kroger Grocery & Baking Co. v. Spillman.

June 23, 1939.

Joseph J. Hancock, Judge.

Davis, Boehl, Viser & Marcus for appellant.

Lukins & Jones for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellee, Mable Spillman, recovered a judgment against appellant, Kroger Grocery and Baking Company, for $500 for injuries sustained as the result of a fall in appellant's store on Fourth Street in Louisville, and from that judgment appellant prosecutes this appeal, insisting that it was entitled to a directed verdict.

Testimony for appellee was to the effect that she slipped on grapes or water on the floor or on both; that when she got up she had three grapes on the bottom of each foot and looked around and saw that water was running onto the floor from the vegetable stand, on which a spray was being operated to keep the vegetables moist. No evidence was introduced to show that either the water or grapes had been on the floor for any appreciable length of time before appellee's fall.

The evidence for appellant was to the effect that there was one mashed grape on the floor at the point at which appellee fell and that there was no water whatsoever.

The trial court, recognizing the application of certain general principles of law, instructed the jury that if appellee fell as a result of slipping on grapes, they should find for the defendant, but that if water was on the floor and produced an unsafe condition and that she was caused to fall by reason thereof, they should find for plaintiff.

The action of the trial court in instructing that if the plaintiff's fall was caused by stepping on grapes, the jury should find for the defendant was proper, since there was no evidence showing how long the grapes were on the floor prior to the appellee's fall. In an action by an invitee for injuries sustained in a fall due to slipping by reason of stepping on refuse or foreign objects on a floor, the plaintiff must allege and prove that the defendant knew, or, by the exercise of ordinary care, could have known of the defect complained of. The shopkeeper is not an insurer of the customer's safety and is not, as a general rule, bound to anticipate an independent act of negligence by a third party in depositing such objects on the floor. Noonan v. Sheri-

dan, 230 Ky. 162, 18 S. W. (2d) 976; Woolworth Company v. Brown, 258 Ky. 29, 79 S. W. (2d) 362; Louisville & Nashville Railroad Company v. O'Brien, 163 Ky. 538, 174 S. W. 31, Ann. Cas. 1916E, 1084; Kidd v. Modern Amusement Company, 252 Ky. 386, 67 S. W. (2d) 466; Kroger Grocery & Baking Company v. Monroe, 237 Ky. 60, 34 S. W. (2d) 929. Nor does the fact that two or more employees of appellant were performing their duties within a few feet of the grapes which appellee says were on the floor show negligence on the part of the appellant in failing to discover the grapes, since there was an utter absence of proof as to how long they had been on the floor. They may have been dropped there immediately preceding appellee's fall. Appellee did not see them and it is reasonable to assume that the employees did not.

If it had been shown that a slippery condition of the floor was caused by the presence of water on the floor coming from the vegetable stand and that such slippery condition was the proximate cause of appellee's fall, the trial court's instruction to the jury to find for the plaintiff if the water caused her fall would have been correct. Negligence of the shopkeeper may consist either of failure on his part to discover within a reasonable time a dangerous condition created by a third party, or in the negligent creation of a dangerous condition himself or by causes under his control. Kroger Grocery & Baking Company v. Diebold, 276 Ky. 349, 124 S. W. (2d) 505, in which a recovery was upheld where the evidence showed that the plaintiff slipped and fell by reason of a slippery condition of the floor created by water which had accumulated thereon as a result of the shopkeeper's negligence in stacking ice on a fish counter in such manner as to permit it to run down the sides of the counter onto the floor.

We may condense the foregoing observations by saying that if the appellee slipped on a grape or grapes, the appellant was not liable; if she slipped on water, the appellant was liable. Considering the evidence in the light of these applicable principles, we find that the appellee testified, in substance, that she did not know whether grapes or water produced her fall. Her testimony on this point was as follows:

"Q. Mrs. Spillman, did you slip on the water or the grapes? A. I slipped on both, I imagine. I don't know which.

"Q. Well, you know what you slipped on, don't you? A. I don't know what threw me, no, but there was water and grapes on the floor."

Later in her testimony she was a little more positive that she slipped on grapes and water both.

In view of this evidence, it is apparent that the submission of the question to the jury as to whether appellee's fall was caused by water was a permission to the jury to enter the realm of speculation. The appellee herself did not know whether she fell by reason of the grapes or by reason of the water, and with no evidence in the case except that above quoted, the jury were permitted to speculate and find that she fell as a result of water being on the floor when, in view of appellee's testimony that she took three grapes off of the bottom of each foot, the most natural and reasonable presumption to be indulged is that she fell as a result of stepping on grapes.

To entitle the appellee to recover, she must have established by competent evidence that the presence of water on the floor was the proximate cause of her injuries, that is, the "natural and continuous sequence unbroken by any independent responsible cause producing the injury and without which it would not have occurred." She did not do so. It seems to us there is no room for a reasonable inference that the presence of water on the floor had any causal connection with appellee's fall, since there is no evidence that water produces a slippery condition on the kind and character of floor on which appellee fell. The most reasonable inference to be drawn from her evidence is that she slipped on grapes which she says she found on the bottom of her feet when she got up.

We are of the opinion that the evidence discloses that it was a matter of pure speculation as to whether or not the presence of water on the floor had any causal connection with appellee's fall—since appellee herself did not know what caused her fall, the jury should not have been permitted to speculate thereon. The trial court should have sustained the appellant's motion for a directed verdict.

The judgment is reversed with directions for further proceedings consistent with this opinion.