H. E. OTTO et al., d/b/a Spoonamore Drug Company, Appellant,

v.

Mae PHILLIPS and Josephine Steele, Coadministratrices of the estate of Sue Waters, deceased, Appellee.

Court of Appeals of Kentucky.

Sept. 14, 1956.

Rehearing Denied March 15, 1957.

James F. Clay, Danville, for appellant.

Newlin & Silliman, Danville, Joseph J. Leary, Frankfort, for appellee.

MOREMEN, Judge.

This is an appeal from a judgment whereby appellee, Sue Waters, was awarded $15,000 in damages for injuries received when she fell in the drugstore owned by appellants, Otto and Leake, in Danville.

During the daytime on May 26, 1953, appellee, who was 83 years of age, entered the drugstore for the purpose of obtaining a cool drink at the soda fountain which was situated in the back part of the store. The store front contained two plate glass display windows, one on each side of the doorway. When one stands at the entrance and looks toward the back of the store, it may be seen that the counter on the right runs the length of the store. To the left a similar counter extends almost the entire length of the store and terminates at a soda fountain in the rear. In the center, and separated by aisles about 4 or 4½ feet wide from the wall counters, is another counter known in the record as the pen case. This case or counter does not, like the others, run the length of the store but begins about 9 feet from the main entrance and extends back towards the rear a relatively short distance. In the front part of the store a portion of the right counter is used as a cigar counter and display place.

The day of the accident was bright, adequate lights were burning in the store and, despite her age, appellee was blessed with good eyesight. Two small boys were sitting on the floor in front of the pen case reading comic books; one was sitting tailor fashion, the other had his legs extended. Appellee, who seemed to be a regular customer of the store, entered and moved towards the right-hand aisle, as was her custom, when she observed that two large men, standing in front of the cigar case, were blocking the small aisle at a point near the pen case. She turned abruptly to her left with the purpose of using the left-hand aisle and fell over the extended foot of one of the boys.

At the trial and at the close of the introduction of evidence for appellee, appellants moved for a directed verdict in their behalf. The motion was overruled. At the conclusion of all the evidence a similar motion was made and ruling was had.

On this appeal, appellants direct argument almost entirely towards sustaining their contention that appellee was contributorily negligent as a matter of law. A question of contributory negligence is always so intertwined with a question of whether there was primary negligence on the part of the other party, we believe it

proper to discuss the question of whether the drugstore was negligent at all.

A storekeeper is not an insurer of a customer's safety and is not, as a general rule, bound to anticipate an independent act of negligence by a third party. Kroger Grocery & Baking Co. v. Spillman, 279 Ky. 366, 130 S.W.2d 786. It is the duty of the storekeeper to exercise only ordinary care for the safety of a patron. What constitutes ordinary care varies with the nature of the business, but it is a care commensurate with the particular circumstances involved in a given case. Sidebottom v. Aubrey, 267 Ky. 45, 101 S.W.2d 212; Park Circuit & Realty Co. v. Ringo's Guardian, 242 Ky. 255, 46 S.W.2d 106.

In the instant case the acts of negligence which caused the accident involve the action of the small boy in extending his foot in a used surface of the store and the appellee's failure to observe the foot. As pointed out in the Kroger case above, the storekeeper is not bound to anticipate such an independent act of negligence by a third party.

This theory of law was elaborated in Noonan v. Sheridan, 230 Ky. 162, 18 S.W. 2d 976, 978, where the facts presented are very similar to those here involved. There, a customer was struck by a roll of linoleum which toppled over from an upright position between the door and the show window. The evidence indicated that the linoleum was pushed over by some boys who were playing about the store. The court in holding that the storekeeper was, as a matter of law not liable, said:

> "The only evidence in this record which explains how this accident occurred establishes that the fall of the linoleum was caused by the boys pushing it over. There is no evidence that it would have toppled over except for the push which these boys gave it. In the case of Pardington v. Abraham, 93 App.Div. 359, 87 N.Y.S. 670 affirmed by the Court of Appeals of New York, 183 N.Y. 553, 76 N.E. 1102, on the opinion of the lower court, it was held that a shopkeeper was not liable to a customer hit by a swinging door through which she was attempting to pass, where the accident was caused by a third person, who had immediately preceded the customer through the door, negligently swinging the door behind her in a violent manner. The court held that the shopkeeper was not liable in such state of case for the negligent act of a third party which he had no occasion to anticipate or foresee. It is the general rule that an independent act of negligence by a third party is an occurrence which the defendant is not as a general rule bound to anticipate, and especially is this so where the independent act is the willful act of the third party. 22 R.C.L. 132–138. There is no evidence in this record tending to show that Mrs. Noonan or any of her agents had any reason to anticipate or foresee that these boys would push this linoleum over."

In a New York case, Greene v. Sibley, Lindsay & Curr Co., 257 N.Y. 190, 177 N.E. 416, 417, plaintiff made a purchase and stood at a counter waiting for change and while standing she turned to her right and saw beside her a mechanic and a floor-walker looking at a cash register which was said to be out of order. She turned to her left and gathered up her change. In the meantime the mechanic had gone down on his knees in order to look up into the mechanism of the cash register with the result that his legs stretched back upon the floor of the aisle. Plaintiff, supposing that the mechanic was standing where he stood before and intending to go around him, stumbled over his feet. Chief Justice Cardozo, in delivering the opinion of the court, said:

> "We find no evidence of negligence. The mechanic had been standing by

the plaintiff, busy, as she perceived, in the repair of the machine. She had no thought that he had gone away during the moment or two that had passed in the collection of the change. On the contrary, she supposed, so she says, that he was standing where he was before. 'I thought I was making a sweep around him standing there.' The merest glance would have told her that, instead of standing there erect, he was down upon his knees. We do not say that there was contributory negligence on her part in the failure to be more observant of the fact that his attitude had changed. It is quite a different thing to say that there was negligence on his part in the failure to foresee how little observant she would be."

█ The foregoing quotation is somewhat vague in that it uses the personal pronoun "his" when a reference evidently is being made to the corporation that owned the store. However, it seems plain that this decision is based primarily upon the idea that there is no duty upon the storekeeper to foresee that a third party will be negligent and that a customer will fail to observe the fact that the third party has assumed an unexpected attitude while also using the premises. There is no question in this case of a continuing obstruction of the aisle or passageway or of a defect in construction or a defect resulting from negligent maintenance. The only question involves whether a store owner must continuously anticipate every action and move of every person who is a licensee or invitee upon his premises. We have concluded that under the circumstances of this case the store owners were not negligent in failing to foresee that an accident such as this one might happen. See: Roberts v. Kaufman Straus Co., Ky., 273 S.W.2d 821.

To hold that storekeepers should anticipate every collision between customers and anticipate every accident that might occur as a result of their joint or several negligent acts would render owners absolute in-

surers of the safety of all people on their property which, as we have pointed out, is not the law in this state.

The judgment is therefore reversed and the case remanded with the direction that the complaint be dismissed.