**WINN–DIXIE LOUISVILLE, INC.,**
**Appellant,**

v.

**Lieselotte SMITH, Appellee.**

Court of Appeals of Kentucky.

Nov. 29, 1963.

Norman A. Curtis, Louisville, for appellant.

Louis N. Garlove, Carl J. Bensinger, Louisville, for appellee.

MELVIN T. STUBBS, Special Commissioner.

This is an appeal from a judgment in favor of Lieselotte Smith in the amount of $5,989. Motions of appellant, Winn-Dixie Louisville, Inc., for a directed verdict were overruled. The appellant contends that appellee was contributorily negligent, as a matter of law, and that the trial court erred in submitting the matter to the jury. Upon this ground appellant asks that this Court reverse the judgment of the lower court and sustain its motion for judgment notwithstanding the verdict.

On April 4, 1959, appellee entered the Winn-Dixie market at Valley Station for the purpose of purchasing fruits, vegetables, and other commodities. Immediately upon entering the market she obtained a metal merchandise cart of the type generally provided by such establishments for the convenience of customers. Pushing the cart down the first aisle of the market where, to the right of appellee, were displayed fresh fruits and vegetables, appellee selected certain of the fruits and placed them in the cart. She proceeded down the aisleway, pushing the cart to a position where, on her left, were situated two bottle boxes, placed side by side, each measuring 35½ inches in length and 25 inches in width. These boxes were of plywood construction and were used as a depository for empty bottles. To the rear of the bottle boxes, and abutting them, was a scale table the approximate height of the bottle boxes, and measuring 23½ inches in length and 23½ inches in width. Atop this table was a scale used in weighing fruits and vegetables.

Pushing the cart past the rear corner of the bottle boxes, and positioning it so that the left front of the cart was nearest the scale table, appellee moved to the left of the cart and removed therefrom the fruit which she had earlier selected. She handed it to appellant's employee so that it might be weighed by him. The rear of the scale was nearest the bottle boxes so that appellant's employee would, in weighing merchandise, face such bottle boxes. Having weighed the fruit, appel-

'lant's employee handed it back to appellee, who turned to place it in the cart. In the process of turning, appellee elevated her foot and stepped into a cardboard box which, according to the testimony, varied in height from 4½ inches to 7 inches. Appellee testified that such box was 20½ inches in length and 13 inches in width. She fell to the floor, with her right elbow striking the metal merchandise cart, sustaining personal injuries, the extent of which is not important to this appeal. The cardboard box was situated on the floor to the left of and abutting the scale table and against the end of the bottle boxes. One of the bottle boxes extended almost its entire width from the left rear of the scale table, so that a 90-degree angle was formed by the juxtaposition.

It was testified by William T. Owen, manager of the Winn-Dixie market at the time of the incident, that the cardboard box into which appellee stepped was kept in its position to the left of the scale table so that trash, garbage, or items of fruits and vegetables which might fall to the floor in the area of the scale could be picked up and deposited in this box. It was the practice of appellant's employees to pick up this loose produce and place it in the cardboard box. Appellee testified that she did not see the box into which she stepped until after her fall.

Appellant was charged with the duty of exercising ordinary care to have the floor of the store where appellee fell in a reasonably safe condition for its customary use. It might have been anticipated by the appellant that the placing of the cardboard box, which served as a receptacle for trash, in a position to the rear of the bottle boxes and to the left of the scale upon which merchandise selected by its customers would be weighed, would pose a threat to the safety of their customers. The appellee was required to have the fruit she had selected weighed by appellant's employee. The scale was positioned and provided by appellant for that purpose. The jury found that the appellant was negligent in placing the cardboard box in the position it was at the time appellee fell. We concur in this finding. We have many times held that the placing of such obstructions in stores by the owners thereof sufficiently raises the question of negligence to be decided by the jury.

In the case of Young's Adm'r v. Farmers & Depositors Bank, 267 Ky. 845, 103 S.W.2d 667, we held:

"The duty owing by an owner or person in possession to those who come on the premises by invitation, express or implied, is not to insure his safety, but it is to use ordinary care to have the premises in a reasonably safe condition. He must exercise a protective vigilance to see that his invitees are not led into a trap, or dangerous condition known, or which ought to have been known, to him, but hidden from the other or so concealed that he could not observe it in the exercise of ordinary care for his own safety."

Counsel for appellant urges this Court to take cognizance of the use of cardboard boxes by grocer-keepers as containers for trash and produce necessary and incident to the duty imposed upon a storekeeper to keep his floors free of debris. We accept this fact relating to the use of cardboard boxes as receptacles for trash, but we reason that it is not their use as such, but rather their placement by the storekeeper in a position where they expose his customers to danger, that results in his failure to exercise ordinary care to keep the premises in a reasonably safe condition for his customers. The placement of the cardboard box in its position to the left of the scale table and behind the bottle boxes, which extended almost two feet from the left of the scale table, could be found to have created a dangerous condition and to constitute negligence on the part of appellant. It could reasonably have been expected that cus-

tomers of Winn-Dixie would walk in this area adjacent to the scale.

Appellant contends that appellee was contributorily negligent, as a matter of law, in failing to see the cardboard box as she walked down the aisle and toward the scale. We cannot agree. Appellee testified that she did not see the cardboard box until after she fell. We are not convinced that the evidence in this case showed without substantial doubt that appellee could have seen the cardboard box in the position where it was located as she pushed the cart down the aisle of appellant's store to the position where she removed the produce from the cart and handed it to appellant's employee. While appellee was required to exercise ordinary care for her own safety, such did not require her to look directly down at her feet with each step taken. Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405. Appellee had entered appellant's market as a customer. At the time she sustained the fall she was in a part of the market where she had a right to be, and where expected to be, as an invitee. Wall v. F. W. Woolworth Co., 209 Ky. 258, 272 S.W. 730. She had a right to assume that the floor of the market would be free from obstructions of a dangerous nature. While she was required to exercise ordinary care for her own safety, she was not required to look for danger when there was no reason to apprehend danger.

Finally, contention is made by appellant that appellee was contributorily negligent, as a matter of law, in that having reached the scale without mishap and having remained there while the produce was being weighed, she stepped backward into the cardboard box. In support of this contention, appellant cites Layman v. Ben Snyder, Inc., Ky., 305 S.W.2d 319, wherein this Court affirmed the trial court in directing a verdict for defendant. In the Layman case the plaintiff, a customer in defendant's store, while examining merchandise, stepped backward two or three

feet and fell down the stairs. There was no defect in the stairs, or top step, or in the areaway at the head of the stairs. It was pointed out in the Layman case that the stairway was clearly visible and the top portion thereof plainly in view. In the case at bar, the cardboard box into which appellee stepped was, according to her testimony, hidden from her view. The testimony is not clear, and we are not prepared to conclude therefrom, whether, upon being handed the produce which had been weighed by appellant's employee, the appellee stepped backward or to the side. Under the circumstances, whether the movement executed by appellee, and which preceded her fall, constituted a step backward or a step to the side is of no real significance. In either event, it might be reasonably concluded that such movement on her part was but a normal part of, and incident to, shopping in our present day supermarkets when one employs the use of a produce cart provided by the owner for the convenience of the customer. If, in fact, the action of appellee in taking a step backward, or a step to the side, constituted negligence on her part, which we are not prepared to concede, her action in this respect was not such as to warrant a judicial determination that she was contributorily negligent as a matter of law.

The question of contributory negligence is ordinarily one for the jury, and it is only when the proof is such that reasonable minds can draw but one conclusion, that is, that plaintiff was negligent, that the question is one of law for the court to decide. Winebarger v. Fee, 305 Ky. 814, 205 S.W.2d 1010.

For the reasons herein given, we conclude that appellee cannot be charged with contributory negligence as a matter of law on either ground asserted by appellant. The trial court submitted the matter to the jury on both the issues of due care on the part of Winn-Dixie and contributory negligence on the part of Liesclotte Smith.

This was proper. The order of the trial court overruling appellant's motion for judgment notwithstanding the verdict was, likewise, proper.

We recommend that the judgment be affirmed.

The opinion is approved by the Court and the judgment is affirmed.