**Dyche JONES and Pauline Jones, Partners, d/b/a Dyche Jones Food Stores, Appellants,**

v.

**Nannie JARVIS, Appellee.**

Court of Appeals of Kentucky.

Feb. 7, 1969.

Roy E. Tooms, Jr., Brown, Tooms & Helton, London, for appellants.

John M. Lyttle and Lester H. Burns, Jr., and William D. Gregory, Manchester, for appellee.

L. T. GRANT, Special Commissioner.

This is an appeal from a judgment, based upon a jury verdict, in the sum of $5,525.94 in favor of the appellee as a result of her slipping and falling on a banana peel in the appellants' store.

The appellants moved the court for a directed verdict at the conclusion of the presentation of plaintiff's evidence and at the conclusion of the presentation of all of the evidence. The motions were overruled by the trial court. The appellants' motion for judgment n.o.v. was likewise overruled by the trial court. The sole question presented on this appeal is whether or not the trial court erred in not directing a verdict for appellant store owners.

The appellee, Nannie Jarvis, entered the self-service grocery owned and operated by the appellants in Manchester, Kentucky about 10:00 a.m. on November 12, 1964. Her status on the premises was that of a business invitee. While walking slowly toward the front of the store looking for washing soda, she slipped and started falling to the floor, catching onto a shelf which prevented her from falling all the way to the floor. She later learned that she had slipped on a banana peel which was yellow in color with black specks and appeared to be from a freshly peeled banana.

The appellee did not see the banana peel until after she slipped. No evidence was

introduced at the trial to indicate how the banana peel got on the floor or how long it was on the floor prior to the appellee's slipping on it.

The accident did not occur near the produce counter where bananas are usually stored but occurred some three aisles away near the opposite end of the store. There was a check-out counter in line with the aisle where appellee slipped but there is no evidence as to whether or not any of appellants' employees were working at this check-out counter who would have been in a position to see foreign substance on the floor in the aisle where the appellee slipped.

■ Unlike the facts in the recent case of Kroger Company v. Thompson, Ky., 432 S.W.2d 31, decided September 27, 1968, there is no evidence in this record that the condition of the banana peel being on the floor was created or traceable to an act of the appellants or their employees. In the absence of such evidence this case should not have been submitted to the jury on the issue of appellants' negligence unless the appellee introduced sufficient proof by either direct or circumstantial evidence that the banana peel was on the floor a sufficient length of time prior to appellee's injury so that in the exercise of ordinary care the appellants could have discovered the banana peel and either removed it or given the appellee adequate warning of its existence. See Bosler v. Steiden Stores, Inc., 297 Ky. 17, 178 S.W.2d 839, and Lane v. Cardwell, Ky., 306 S.W.2d 290, 61 A.L. R.2d 202. This the plaintiff failed to prove.

■ The appellee concedes that the above cited cases clearly state the law in Kentucky but urges the court to change the law and adopt a strict liability principle in this type case, similar to the principle in products-liability cases and eliminate the requirement of a plaintiff having to establish how the foreign substance was placed on the floor or the length of time that the foreign substance was on the floor. We are not prepared to change the law so as to adopt a strict liability principle in slip and fall cases because the factors present in a product-liability case, upon which strict liability is based, are not present in slip and fall cases. Further, our research fails to reveal a single jurisdiction that has adopted the strict liability theory in this type case.

The appellee cites several cases from other jurisdictions which she contends overrule prior decisions requiring proof of the length of time a foreign substance had been on the floor and proof as to who placed it there. Among these cases are Mahoney v. J. C. Penney Co., 71 N.M. 244, 377 P.2d 663; Donoho v. O'Connell's Inc., 13 Ill.2d 113, 148 N.E.2d 434; Mikkelson v. Young Men's Christian Association, 317 F.2d 78 (7th Cir. 1963); Finney v. G. C. Murphy Co., 406 Pa. 555, 178 A.2d 719; Kinser v. Rich's Inc., 300 F.2d 902 (6th Cir. 1962); Sleek v. J. C. Penney Co., D. C., 208 F.Supp. 207; Beckstrom v. Montgomery Ward and Co., 20 Ill.App.2d 353, 156 N.E.2d 230; and Maugeri v. Great Atlantic and Pacific Tea Co., 357 F.2d 202, (3d Cir. 1966). It would unduly lengthen this opinion to distinguish each of the above cases separately but generally these cases are distinguishable from the case at bar either on the grounds that the condition causing the fall was created by the store owner and he had knowledge of the condition, or the condition was a recurring or continuing condition which put the store owner on notice of the condition. In the case under consideration, none of these conditions exists.

The appellee in this case having failed to prove, either by direct or circumstantial evidence, any actionable negligence on the part of the appellants, the appellants were entitled to a directed verdict.

The judgment appealed from is reversed with directions to enter judgment for appellants.

All concur.