**Mary ARENS, Appellant,**

**v.**

**Charles McHALE, d/b/a M. & W. Food Market, Appellee.**

Court of Appeals of Kentucky.

May 15, 1970.

John R. Blakely, Edward J. Elliott, Covington, for appellant.

James A. Nolan, Ware, Bryson, Nolan & West, Covington, for appellee.

PALMORE, Judge.

Mary Arens appeals from a judgment entered on a directed verdict for the defendant in her suit against Charles McHale, d/b/a M. & W. Food Market, for personal injuries sustained in a fall. The verdict was directed at the conclusion of plaintiff's evidence. The ground stated by the trial court was that her evidence showed contributory negligence as a matter of law. Our conclusion is that the question was for the jury.

Mrs. Arens was in McHale's grocery store as a customer. The meat counter and a refrigerated case containing milk, cheese, and eggs, which she refers to as the milk case, were located toward or in the rear portion of the store, separated by a space of about seven feet. Within this 7-foot area of floor space the grocer had placed a number of crates of vegetables, which were about 18 inches high, leaving walking room of only 1½ feet between the meat case and the vegetable crates and about two feet between the vegetable crates and the milk case. The latter space was enough to accommodate a cart, but the space by the meat counter was not, being only enough, as Mrs. Arens said, "to go in sideways."

Mrs. Arens was using a grocery cart. She picked up some milk and cheese and left her cart in the aisle by the milk case while she got some meat at the meat counter. She returned to her cart in the aisle next to the milk case and started to move away when she remembered that she needed some bacon. The assistant manager of the store, whom she knew, happened to be standing beside her, and she said to him, "Oh, Art, I want some bacon," to which he replied, "Wait here and I will cut it for you." Mrs. Arens said, "All right," and, as she testified, "With that some man [another customer] came behind me and the man stooped over to get some eggs. I probably would have knocked him on his head if I hadn't stepped back. I stepped back and as I stepped back my foot hit the side of the corn box that was standing there * * * and it threw me * * *. When somebody comes in between you and the produce—after you hit the side in order to let the man get by without butting you with his seat—you are naturally bound to fall. I didn't want the man to butt me with his seat."

Mrs. Arens acknowledged that she had seen the crates of produce, and obviously she was aware of the narrowness of the aisle space as it had been constricted by their presence. It is inferable from the testimony that her stepping back when the male customer stooped in such a way as to make it appear that he would come into contact with her person was in the nature of a reflex action and that she did not have time to look carefully before she moved.

Whether her instinctive reaction in stepping back or aside under the circumstances was negligent is, in our opinion, a question on which reasonable minds may differ, and should therefore be resolved by a jury.

 Appellee distinguishes Winn-Dixie Louisville, Inc. v. Smith, Ky., 372 S.W.2d 789 (1963); Wilkinson v. Family Fair, Inc., Ky., 381 S.W.2d 626 (1969), and Kroger Company v. Thompson, Ky., 432 S.W.2d 31 (1968), on the ground that in those cases the injured person did not actually see the obstruction, hence the question of contributory negligence depended on whether in the exercise of ordinary care he or she should have discovered and been aware of it. It is an accepted principle, of course, that one may not reasonably walk into or against an obstruction of which he is or should be aware. Southern Bell Tel. & Tel. Co. v. Walters, Ky., 413 S.W.2d 615, 617 (1967); Smith v. Smith, Ky., 441 S.W.2d 165 (1969). Probably it would apply in this case had Mrs. Arens stepped against the produce crates entirely of her own volition, but her movement was an instant reaction precipitated by the unexpected action of another customer. She did not have time to be as cautious as she might otherwise have been.

The trial court did not find it necessary to question the sufficiency of the evidence to permit a finding of negligence on the part of the grocery owner, but undoubtedly the point will arise upon another trial. It is our opinion that when aisleways provided for the use of the customers are so narrow that it is difficult for them to pass or move about without physical contact a jury could reasonably conclude that the kind of incident that occurred on this occasion should be anticipated by the merchant, who owes his customers the duty of protecting them from foreseeable dangers on his store premises. Cf. Palmer v. F. W. Woolworth Co., Ky., 451 S.W.2d 850, 851 (1970). We think the evidence in behalf of Mrs.

Arens was sufficient to withstand the defendant's motion for a directed verdict.

The judgment is reversed with directions for a new trial.

MILLIKEN, REED and STEINFELD, JJ., concur.

NEIKIRK, J., not sitting.