**Ila SANDS, Plaintiff-Appellant,**

v.

**SEARS, ROEBUCK & COMPANY, Defendant-Appellee.**

**No. 20440.**

United States Court of Appeals, Sixth Circuit.

Feb. 18, 1971.

---

Peck, Circuit Judge, dissented and filed opinion.

John W. Beard, Owensboro, Ky., Beard, Rummage & Kamuf, Owensboro, Ky., on the brief for appellant.

Marvin P. Nunley, Owensboro, Ky., Bartlett, McCarroll & Nunley, Owensboro, Ky., on the brief, for appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

CELEBREZZE, Circuit Judge.

This appeal is of a diversity action instituted by Mrs. Ila Sands against Sears, Roebuck & Company, (Sears) for damages for personal injuries sustained when she fell down in the aisle of a Sears store. At the close of evidence, the District Court directed a verdict in favor of Sears on the grounds that, first, Mrs. Sands had failed to establish a prima facie case of negligence against Sears, and, second, she had established her own contributory negligence as a matter of law. Mrs. Sands appeals. The substantive law of Kentucky applies. We affirm.

Around Christmas, 1967, Mrs. Sands was shopping in the toy department of the Sears store in Owensboro, Kentucky for a gift for her young grandson. The aisles between the display counters in the toy department were about three-feet wide. The display counters were tiered: they had several rows of shelves, the upper rows being progressively more recessed in order to expose merchandise on the lower shelves to fuller view. While browsing around the toy department, Mrs. Sands noticed a toy phonograph on the bottom row of shelves; she described the record player as one of the familiar children's types, equipped with a tone arm that swiveled 360° and a pin-type needle. Her view of the phonograph was, by her own testimony, clear and unobstructed, notwithstanding that there were "gobs" of toys on the shelves. As she proceeded down the aisle, she testified, the tone arm of the record player caught her foot, the needle pricked her skin, she fell down, and broke her arm. When asked, she testified that "I didn't

see the arm sticking out, protruding out [into the aisle]." However, she concluded "[i]t must have been out in the aisle" because otherwise she would not have tripped over it. She appeals on the ground that the District Court erred in directing a verdict against her.

Under Kentucky law, a storekeeper is not an insurer of his customer's safety. *See, e. g.,* Jones v. Jarvis 437 S.W.2d 189 (Ky.Ct.App.1969). In slip and fall cases the Kentucky Court of Appeals requires that a plaintiff affirmatively prove that the shopkeeper was negligent: *i. e.,* either that the shopkeeper failed to exercise reasonable care to have his premises in a safe condition, or that he failed to exercise reasonable diligence to discover and remedy or warn of a defective condition created in his store by a third party. *See* Arens v. McHale, 453 S.W.2d 754 (Ky.Ct.App. 1970); Jones v. Jarvis, supra; Wiggins v. Scruggs, 442 S.W.2d 581 (Ky.Ct.App. 1969); Winn-Dixie Louisville, Inc. v. Smith, 372 S.W.2d 789, 791 (Ky.Ct.App. 1963); Otto v. Phillips, 299 S.W.2d 100 (Ky.Ct.App.1957); Kroger Grocery & Baking Company v. Spillman, 279 Ky. 366, 130 S.W.2d 786 (1939); Young's Adm'r v. Farmers & Depositors Bank, 267 Ky. 845, 103 S.W.2d 667 (1937). In the absence of affirmative proof of negligence, the Court of Appeals of Kentucky has consistently affirmed orders granting defense motions for directed verdicts, and reversed where the trial judge failed to do so.

The Appellant argues that her evidence is sufficient to establish either that the Appellee's negligence was responsible for the tone arm protruding into the aisle, or that the Appellee was negligent in placing the phonograph on the bottom shelf of the display counter where someone could trip over it. The District Court found that she had not submitted sufficient evidence to state a prima facie case of negligence on either theory. We agree.

The evidence presented at trial was insufficient to establish negligence on the part of the storekeeper in positioning, or in failing to discover, a protuberance in the aisle of the store. There is no evidence that the Appellee placed the tone arm in the aisle. In the absence of this evidence, it being equally probable that a third party so positioned the instrument, the case should not have been submitted to the jury on that theory. *See, e. g.,* Kroger Grocery & Baking Company v. Spillman, 279 Ky. 366, 130 S.W.2d 786 (1939).

> "The shopkeeper is not an insurer of the customer's safety and is not, as a general rule, bound to anticipate an independent act of negligence by a third party in depositing such objects on the floor." 130 S.W.2d at 787.

Nor is there evidence of how long the tone arm protruded into the aisle, assuming it did, or of any other circumstances that would indicate that the storekeeper, in the exercise of ordinary diligence, should have discovered the protuberance. In the absence of proof that the storekeeper failed to exercise reasonable vigilance, the case, under Kentucky law, was properly not submitted to the jury on the theory that the storekeeper failed to discover and remedy or warn of a dangerous condition. *See, e. g.,* Jones v. Jarvis, 437 S.W.2d 189 (Ky.Ct.App.1969).

> "There is no evidence in this record that the condition of the banana peel being on the floor was created or traceable to an act of the appellants or their employees. In the absence of such evidence this case should not have been submitted to the jury on the issue of appellants' negligence unless the appellee introduced sufficient proof by either direct or circumstantial evidence that the banana peel was on the floor a sufficient length of time prior to appellee's injury so that in the exercise of ordinary care the appellants could have discovered the banana peel and either removed it or given the appellee adequate warning of its existence." 437 S.W.2d at 190.

Although there is evidence that the toys were arranged in a "helter-skelter" manner, there is no evidence that the Appellant's view of the bottom shelf was obstructed. On the contrary, she testified that her view of the record player was clear and unobstructed. Nor is there any evidence that, in the exercise of ordinary care for his invitee's safety, the shopkeeper could reasonably have anticipated that the position of the phonograph on the bottom shelf was, in itself, dangerous. *See* Arens v. McHale, 453 S.W.2d 754 (Ky.Ct.App.1970); Winn-Dixie Louisville, Inc. v. Smith, 372 S.W. 2d 789 (Ky.Ct.App.1963).

Appellant also failed to establish the single most important element of her cause of action: that is, that the tone arm was, in fact, protruding into the aisle when she fell. Prefacing her remark on this issue with the statement that the tone arm and the shelf were about the same shade of gray, thereby, perhaps making the arm harder to see, her precise testimony was "I didn't see the arm sticking out, protruding out." Her conclusion that "it must have been out in the aisle" because, otherwise she could not have tripped over it, was so conclusory that it could not have been taken as proof of the fact that the tone arm was, in fact, protruding into the aisle.

In view of our finding that the Appellant did not sustain her burden of proof of the Appellee's negligence, we need not reach the remaining issues on appeal.

The judgment of the District Court is affirmed.

PECK, Circuit Judge (dissenting).

I must respectfully dissent from the conclusion reached by the majority opinion, which is based upon the well established law in slip-and-fall cases holding that a business invitor is liable only for his negligence in failing to correct an improper floor condition of which he had actual or constructive knowledge. That this rule of law has been adopted by Kentucky is clearly established by the cases cited in the majority opinion.

Unlike the situation presented by the present record, however, each of those cases dealt with circumstances involving the presence on the floor of some foreign substance. In Wiggins v. Scruggs, 442 S.W.2d 581, 582 (Ky.Ct.App.1969), the foreign substance on the floor was of an unidentified nature, but "was variously described as 'cloudy, pale yellow,' 'yellowish,' 'grayish yellow,' and looking like the white of an egg." In Jones v. Jarvis, 437 S.W.2d 189 (Ky.Ct.App. 1969), the injury complained of resulted from the presence on the floor of a banana peel. In Otto v. Phillips, 299 S.W. 2d 100 (Ky.Ct.App.1957), the "foreign object" tripped over by the 83 year old plaintiff was the foot of a small boy who was sitting on the floor in the aisle of a drug store. In Kroger Grocery Co. v. Spillman, 279 Ky. 366, 130 S.W.2d 786 (Ky.Ct.App.1939), plaintiff's fall resulted from the presence on the floor of either grapes or water, depending on which testimony was accepted.

While the thesis is not articulated in these opinions, they necessarily proceed upon an assumption that at some point in history (presumably when the store opened its doors for business the morning of the occurrence) the floors were in a proper condition but that thereafter an unsafe condition was created by the introduction of a " 'cloudy, pale yellow' substance", a banana peel, or whatever. That situation does not prevail here. For present purposes we are of course required to accept the interpretation of the evidence most favorable to the plaintiff-appellant, and as recognized in the majority opinion, we consider a situation in which "gobs" of toys were piled in a "helter-skelter" manner, on tiers of shelves bordering a three foot aisle. A toy phonograph equipped with a tone arm that swiveled 360° and equipped with a pin-type needle was on the bottom row of shelves and the arm "must have been out in the aisle" because otherwise appellant's foot could not have come into contact with it, the needle could not have pricked her skin, and she would not have fallen.

Unlike the situations which developed from the presence of a foreign substance, there is no basis for an assumption that the phonograph had ever been properly positioned on a shelf or, in fact that at any moment in history a safe condition prevailed. Thus instead of being confronted with a situation similar to that in the cases cited in the majority opinion in which liability was defeated as a matter of law, we have a circumstance more closely comparable to that in which a woman who fell backwards over a vegetable crate in an aisle of a store was permitted to have her case go to the jury, and to that in which a verdict in favor of a woman who fell after accidentally stepping into a cardboard box on the store floor was affirmed. These latter situations prevailed in two other cases cited in the majority opinion: Arens v. McHale, 453 S.W.2d 754 (Ky.Ct.App.1970); Winn-Dixie Louisville, Inc. v. Smith, 372 S.W. 2d 789 (Ky.Ct.App.1963). The following statement from *Arens* seems pertinent (453 S.W.2d at 756):

> "It is our opinion that when aisleways provided for the use of the customers are so narrow that it is difficult for them to pass or move about without physical contact [with one another] a jury could reasonably conclude that the kind of incident that occurred on this occasion should be anticipated by the merchant, *who owes his customers the duty of protecting them from foreseeable dangers on his store premises.*" (Emphasis supplied.)

I am of the opinion that placing upon the evidence produced by the appellant the construction most favorable to her we have before us a record requiring a determination that the burden of next proceeding had passed to the defendant-appellee. It is entirely possible that thereafter, with all of the evidence in, a condition could (as for instance perhaps if unrebutted evidence established that at the beginning of the business day the aisle was free of hazard) exist where a verdict might properly be directed for the defendant. I am forced to the conclusion, however, that such action on the present record was error.

In view of its finding that the appellant did not sustain her burden of proof of the appellee's negligence, the majority opinion expressly refrains from reaching the remaining issues on appeal. I similarly refrain from a discussion of the additional issues other than to express the opinion that I do not think that the record establishes such contributory negligence on the part of the appellant as would defeat her recovery as a matter of law. I would hold the direction of a verdict to have been error and would remand for a new trial.