838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald J. LUPTAK and Roupina Luptak, Plaintiffs-Appellants,
v.
CHURCHILL DOWNS, INC., Defendant-Appellee.
 No. 87-5305.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1988.
 
 Before ENGEL and RYAN, Circuit Judges and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Donald Luptak appeals the judgment of the United States District Court for the Western District of Kentucky granting defendant's summary judgment motion.
 
 
 2
 On May 4, 1985, Luptak, a spectator in the infield section of Churchill Downs on Derby Day, was knocked off a cooler by passers-by and injured his leg. Luptak brought suit against Churchill Downs charging them with negligence in failing to station security officers near the infield fence to control uprisings occurring among the infield patrons.
 
 
 3
 In rendering summary judgment for defendant, the district judge held that plaintiffs failed to show any negligence or want of care on the part of defendant Churchill Downs or to present any evidence from which a breach of duty of care might be inferred. See, e.g., Palmer v. F.W. Woolworth Co., 451 S.W.2d 850 (Ky.Ct.App.1970); Otto v. Phillips, 299 S.W.2d 100 (Ky.Ct.App.1956). When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit, or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). In this case, plaintiffs as parties adverse to the motion for summary judgment failed to meet the burden imposed upon them by Rule 56. Therefore, the trial judge did not err in entering summary judgment for the defendant.
 
 
 4
 AFFIRMED.