103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary F. STUMP, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., Defendant-Appellee.
 No. 96-5220.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; COHN, District Judge.*
 
 ORDER
 
 2
 Mary F. Stump appeals a district court grant of summary judgment for defendant in this negligence action removed to the district court by defendant pursuant to diversity of citizenship jurisdiction under 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed her complaint by counsel in the Shelby County, Kentucky, Circuit Court alleging that she suffered injuries when she slipped and fell on a wet floor in defendant's Shelbyville, Kentucky, store. After defendant removed the case to the district court, the parties filed cross-motions for summary judgment and responses in opposition. The district court granted summary judgment for defendant, and this timely appeal followed. On appeal, plaintiff is proceeding pro se and essentially contends that a genuine issue of material fact remains for trial. Defendant responds that the district court's judgment was proper.
 
 
 4
 Upon consideration, the district court's judgment is affirmed for the reasons stated by the district court in its memorandum opinion and order filed January 18, 1996. Essentially, plaintiff cannot show a genuine issue of material fact remaining for trial with respect to whether defendant breached its duty under Kentucky law to exercise ordinary care to prevent injury to business invitees. See Sands v. Sears, Roebuck & Co., 438 F.2d 655, 657 (6th Cir.1971); Wiggins v. Scruggs, 442 S.W.2d 581, 582-83 (Ky.1969); Jones v. Jarvis, 437 S.W.2d 189, 190 (Ky.1969). Plaintiff's assertion on appeal that the defendant's manager did not witness her fall is not material to the question of whether defendant was negligent in this case. Moreover, plaintiff's allegation that an indentation in the aisle floor contributed to her fall was not made in the district court and cannot be considered in the first instance on appeal. See White v. Anchor Motor Freight, 899 F.2d 555, 559 (6th Cir.1990).
 
 
 5
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation