**Garria SMITH, Appellant,**

v.

**WAL–MART STORES, INC., Appellee.**

**No. 98–SC–849–DG.**

Supreme Court of Kentucky.

Dec. 16, 1999.

Jim G. Vanover, Vanover, Hall & Bartley, P.S.C., Pikeville, for Appellant.

Martha L. Brown, Farmer, Kelley, Brown & Williams, London, for Appellee.

STUMBO, Justice.

In this personal injury action arising out of a fall in a Wal–Mart aisle, the sole question presented for our review is whether the evidence at trial was sufficient to support the jury verdict for Plaintiff, Garria Smith.

On August 24, 1993, 20–year–old Ms. Smith went shopping at the Pikeville Wal–Mart with her husband and infant child. While pushing a shopping cart in the domestics department, Smith suffered a back injury after slipping on a wet, blue liquid believed to be a melted Icee (also referred to as a Slushee or Slush Puppie). Smith testified that she did not see the spill before she fell, and had no idea how long the spill had been on the floor prior to slipping on it. Wal–Mart employee Katrina Hall testified that she had been through the same aisle within five to ten minutes before Smith fell, and that she had seen no spill on the floor at that time. Ms. Smith, who was pregnant at the time of her fall, sought medical treatment for her back problem in March of 1994, following the birth of her second child.

At trial in August of 1997, Wal–Mart made a motion for directed verdict at the close of Plaintiff's proof, and again at the close all proof. Both motions were denied. The jury returned a verdict finding Wal–Mart at fault for Smith's injuries and awarded damages in the amount of $52,071.30. The trial court reduced the award to $50,000 because Plaintiff, in an effort to avoid removal to federal district court, had earlier stipulated her damages did not exceed that amount.

Wal–Mart then filed a post-trial motion for judgment notwithstanding the verdict, or, alternatively, for a new trial. Both motions were denied, and Wal–Mart appealed. Plaintiff filed no cross-appeal. The Court of Appeals reversed, holding the trial court should have directed a verdict for Wal–Mart. Citing *Jones v. Jarvis,* Ky., 437 S.W.2d 189 (1969), the Court of Appeals found Plaintiff had failed to show, by either direct or circumstantial evidence, that the Icee had been on the floor for a sufficient length of time such that Wal–Mart, in the exercise of ordinary care, should have known of its existence and remedied the situation.

■ Plaintiff now argues this Court should adopt a "mode of operation" theory of liability such as that espoused in the Kansas case of *Jackson v. K–Mart Corp.,* 251 Kan. 700, 840 P.2d 463 (1992), in order to reverse the Court of Appeals and reinstate the jury's verdict. Plaintiff, however, failed to file a protective cross-appeal to the Court of Appeals alleging the trial court erred in failing to instruct on the "mode of operation" theory, and, thus, the issue is not properly preserved for our review.

Fortunately for Plaintiff, however, we are inclined to reverse the Court of Appeals on a much more simple ground. The standard of review of a trial court's denial of a motion for directed verdict is set forth in *Lewis v. Bledsoe Surface Min. Co.,* Ky., 798 S.W.2d 459 (1990). There we stated:

> Upon review of the evidence supporting a judgment entered upon a jury verdict, the role of an appellate court is limited to determining whether the trial court erred in failing to grant the motion for directed verdict. All evidence which favors the prevailing party must be taken as true and the reviewing court is not at liberty to determine credibility or the weight which should be given to the evidence, these being functions reserved to the trier of fact. *The prevailing party is entitled to all reasonable inferences which may be drawn from the evidence.* Upon completion of such an evidentiary review, the appellate court must determine whether the verdict rendered is " 'palpably or flagrantly' against the evidence so as 'to indicate that it was reached as a result of passion or prejudice.' "

*Id.* at 461–62 (citations omitted) (emphasis added).

The instant case is easily distinguishable from the *Jones* case relied upon by the Court of Appeals wherein the plaintiff slipped upon a banana peel, fell, and injured herself. In *Jones,* absolutely no evidence was introduced at trial to indicate how long the banana peel was on the floor prior to the plaintiff's slipping upon it. *Jones,* 437 S.W.2d at 189–90. Here, Plaintiff was entitled to the reasonable inference that because it was in liquid form when she slipped upon it, the Icee, which is normally found in a semi-frozen state, remained on the floor for a sufficient period of time to allow the ice to melt. This being so, the question arose as to whether the length of time it takes for an Icee to melt was a sufficient amount of time during which Wal–Mart, in the exercise of ordinary care, should have discovered the spill's existence and remedied the situation. This is a question of fact and was properly submitted to the jury.

Because there was indeed sufficient circumstantial evidence of Wal–Mart's negligence to submit the case to the jury, we reverse the decision of the Court of Appeals and reinstate the jury's verdict.

JOHNSTONE and KELLER, JJ., concur.

COOPER, J., concurs by separate opinion, in which LAMBERT, C.J., and GRAVES, J., join.

WINTERSHEIMER, J., dissents by separate opinion.

COOPER, Justice, concurring.

I agree that there was sufficient evidence in this case to create a jury issue with respect to whether the foreign substance had been on the floor for a sufficient length of time that it should have been discovered and removed by Wal–Mart's employees. However, I would go further and address the onerous burden of proof placed on retail customers by cases such as *Jones v. Jarvis,* Ky., 437 S.W.2d 189 (1969). *See also Wiggins v. Scruggs,* Ky., 442 S.W.2d 581 (1969); *Cumberland*

*College v. Gaines,* Ky., 432 S.W.2d 650 (1968); *Nelson v. Midwest Mortgage Co.,* Ky., 426 S.W.2d 149 (1968); *Lane v. Cardwell,* Ky., 306 S.W.2d 290 (1957); *Kroger Grocery & Baking Co. v. Spillman,* 279 Ky. 366, 130 S.W.2d 786 (1939). These cases hold that the customer must prove that (1) the foreign substance/object was caused to be on the floor by the actions of the proprietor or his employees, or (2) the substance/object had been on the floor for a sufficient length of time that it should have been discovered and removed or warned of by the proprietor or his employees. Thus, absent proof that the proprietor or his employees caused the substance/object to be on the floor, the injured customer is faced with the daunting burden of proving how long the substance/object had been on the floor before the accident and whether that was a sufficient length of time for notice and correction to have taken place.

Presumably, had the customer had personal knowledge of the presence of the substance/object before the accident, he would not have stepped on it. Absent his own knowledge or some other inferential proof, such as the melted Icee in this case, the customer must either produce a witness who saw the substance or object on the floor prior to accident or face either summary judgment or a directed verdict. The unlikelihood of success in that regard is attested to by the cumulative outcomes in the cases cited *supra.* Placing this virtually insurmountable burden of proof on the customer is inconsistent with the proposition that a proprietor of a place of business has a duty to keep his premises in a reasonably safe condition for normal use by his customers. *Winn–Dixie Louisville, Inc. v. Smith,* Ky., 372 S.W.2d 789 (1963); *Layman v. Ben Snyder, Inc.,* Ky., 305 S.W.2d 319 (1957).

To balance the competing principles of notice versus duty, the issues of causation and notice should be treated not as elements of the customer's case, but as affir-

mative defenses of the proprietor. The customer would retain the burden of proving that there was a foreign substance/object on the floor and that such was a substantial factor in causing his accident and injury. Such proof that the premises were unsafe would avoid a summary judgment or directed verdict and shift to the proprietor the burden of proving that his employees did not cause the substance/object to be on the floor and that it had been there for an insufficient length of time to have been discovered and removed or warned of by his employees. The jury instructions would be substantially as follows:

### INSTRUCTION NO. 1

A. You will find for the Plaintiff if you are satisfied from the evidence that:

(1) On [date], he/she was injured when he/she fell as a result of slipping on a substance on the floor of the Defendant's store;

AND

(2) By reason of the presence of the substance on the floor, the premises of the Defendant's store were not in a reasonably safe condition for the use of the store's customers, including the Plaintiff;

AND

(3) The presence of the substance on the floor of the Defendant's store was a substantial factor in causing the Plaintiff's fall and injury.

B. Unless you so believe, you will find for the Defendant.

### INSTRUCTION NO. 2

Even though you would otherwise find for the Plaintiff under Instruction No. 1, you will nevertheless find for the Defendant if you are satisfied from the evidence that:

(1) The substance which caused the Plaintiff to slip and fall was not placed or caused to be on the floor of the Defendant's store by any act or omission of the Defendant or his/her employees;

AND

(2) The substance had not been on the floor for a sufficient length of time before the Plaintiff fell so that in the exercise of ordinary care, the Defendant or his/her employees should have discovered it and caused it to be removed or provided adequate warning of its presence.

### INSTRUCTION NO. 3

(Comparative fault.)

LAMBERT, C.J., and GRAVES, J., join this concurring opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because Smith did not present sufficient evidence to demonstrate that the liquid was on the floor for a length of time that Wal–Mart, in the exercise of ordinary care, should have known of its existence and remedied the condition.

The circuit court should have directed a verdict in favor of Wal–Mart. It is well settled that shopkeepers owe a duty to maintain their premises in a reasonably safe condition. *See Otto v. Phillips,* Ky., 299 S.W.2d 100 (1956). The store owner is not an insurer of the safety of the customer and is not absolutely liable for injuries to invitees to the premises. *See Jones v. Jarvis,* Ky., 437 S.W.2d 189 (1969). *Nelson v. Midwest Mortgage Co.,* Ky., 426 S.W.2d 149 (1968), establishes the rule of law in Kentucky in regard to situations where a customer falls because of a spill. *See also Cumberland College v. Gaines,* Ky., 432 S.W.2d 650 (1968). The only evidence presented by Smith regarding the physical characteristics of the spill to show the length of time the substance had been on the floor was the fact that it was melted. That simple fact is not sufficient for the jury to reach a reasonable inference that the substance has been present for the time necessary to have been discover-

ed and removed by the owner. The fact that the substance was allegedly melted provides no information as to how long it had been on the floor.

The standard of review is correctly cited by the majority as *Lewis v. Bledsoe Surface Mining Co.*, Ky., 798 S.W.2d 459 (1990), but the conclusion reached by the majority is incorrect. There were no witnesses to the slip and fall, but two employees did discover the customer lying on the floor. She was taken to a local hospital for emergency treatment, but not x-rayed because it was discovered that she was pregnant. The accident occurred on August 24, 1993. On March 3, 1994, approximately two weeks following the birth of her second child, Smith sought medical treatment for a back condition. On August 18, 1994, she filed suit alleging negligence in maintaining an unsafe premises as the cause of her fall and resulting back injury.

The simple question presented in this case is whether the owner violated its duty of ordinary care in not discovering the condition of the floor in time to prevent the fall. In my view, the decision of the Court of Appeals was consistent with the standard of appellate review of directed verdicts as addressed in cases such as *Lewis v. Bledsoe Surface Mining Co.*, *supra*.

The Court of Appeals was correct in holding that the owner should have received a directed verdict because even if the jury chose to believe every part of the testimony presented by Smith, and disbelieves every part of the testimony presented by the owner, there still would have been a failure to produce any evidence on which the jury could have based a reasonable inference that the substance had been present on the floor for a sufficient time to have been discovered. There was no evidence that the employees of the store either spilled the substance or knew of the spill. Employees testified that they had been in the area within five to ten minutes before the accident and had seen no spill on the floor.

A directed verdict should have been rendered for the store owner which would, as observed by the Court of Appeals, have made moot the question of jury instructions and the admissibility of any evidence. However, in reviewing the evidence that was presented, there is no proof to contravene the position of the owner that none of its employees were aware of the substance that was on the floor when the fall occurred. Consequently, the finding by the jury that the store owner was negligent in this regard was against the weight of the evidence presented. There was no evidence to raise a prima facie case of negligence against the owner.

The Court of Appeals was correct in holding that the owner should have received a directed verdict under well-settled Kentucky law.