NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 20-1098

————————

JOHANNA CORTES; JOSE MILLAYES, her husband

Appellants

v.

BJ'S WHOLESALE CLUB; JOHN DOES 1-10,
(said names being fictitious);
XYZ CORP 1-10,
(said names being fictitious)

————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-05513)
District Judge: Honorable Susan D. Wigenton

————————

Argued September 21, 2020

Before: AMBRO, PORTER, and ROTH, Circuit Judges

(Opinion filed February 17, 2021)

Jonathan P. Holtz (Argued)
Bramnick, Rodriguez, Grabas, Arnold, & Mangan, LLC
1827 E. 2nd Street
Scotch Plains, New Jersey 07076

        Counsel for Appellants

John M. Wutz (Argued)
Shahenaz Y. Yates

Chartwell Law Offices, LLP
One Logan Square
130 North 18th Street, 26th Floor
Philadelphia, Pennsylvania 19103

     Counsel for Appellee

————————

OPINION[*]

————————

AMBRO, <u>Circuit Judge</u>

In this slip-and-fall case, Appellants-Plaintiffs Johanna Cortes and her husband Jose Millayes (for convenience, we refer to them jointly and severally as "Cortes") appeal the District Court's grant of summary judgment in favor of Defendant-Appellee BJ's Wholesale Club. For the following reasons, the District Court's judgment will be vacated and remanded.

## I.    Background

On a snowy morning in January 2015, Cortes visited a BJ's store in Linden, New Jersey. She testified that she was walking down one of the store's aisles when she slipped and fell in a dirty puddle of water that was about two-and-a-half feet wide. She claims the water came from a flatbed cart with snow on top, which was melting and dripping onto the floor.

---

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Cortes sued, seeking damages for BJ's' alleged negligence. BJ's moved for summary judgment, which the District Court granted, concluding there was no evidence that BJ's had actual or constructive knowledge of the hazard in question. Cortes filed a timely notice of appeal.

## II.    Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review the grant or denial of summary judgment anew and "apply[] the same standard as the district court." *Tri–M Grp., LLC v. Sharp,* 638 F.3d 406, 415 (3d Cir. 2011). "Summary judgment is appropriate only where, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Ruehl v. Viacom, Inc.,* 500 F.3d 375, 380 n.6 (3d Cir. 2007) (internal quotation marks and citation omitted).

## III.    Discussion

New Jersey law applies. To prevail on a premises-liability claim under that law, a plaintiff must ordinarily show that the defendant "had actual or constructive knowledge of the dangerous condition that caused the accident." *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003). Here, there is no record evidence that BJ's had actual knowledge of the hazard that caused Cortes to fall. Thus the sole issue is whether Cortes put forward sufficient evidence to create a genuine dispute of material fact on whether BJ's had constructive knowledge of the hazard. We conclude that she did.

3

"A defendant has constructive notice when the condition existed 'for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent.'" *Troupe v. Burlington Coat Factory Warehouse Corp.*, 129 A.3d 1111, 1114 (N.J. Super. Ct. App. Div. 2016) (quoting *Parmenter v. Jarvis Drug Stores, Inc.*, 138 A.2d 548, 550 (N.J. Super. Ct. App. Div. 1957)).  Constructive notice "can be inferred in various ways," including from "[t]he characteristics of the dangerous condition." *Id.*

Cortes argues that because the substance at issue had been present long enough to melt from snow to water, a reasonable inference may be drawn that the substance had been on the floor long enough that BJ's should have been aware of it.  In support, she cites cases from other states concluding that such an inference may be drawn from the presence of semi-frozen products that have melted.  *See, e.g.*, *Hann v. 7-Eleven, Inc.*, No. CV020080203S, 2004 WL 1326819, at *2 (Conn. Super. Ct. June 3, 2004) (holding that a dispute of fact existed as to whether a store had constructive notice of a spilled "slushy drink" where the drink had "melted slightly"); *Smith v. Wal-Mart Stores, Inc.*, 6 S.W.3d 829, 831 (Ky. 1999) (holding that plaintiff who slipped on a melted Icee drink "was entitled to the reasonable inference that because [the Icee] was in liquid form when she slipped upon it, the Icee, which is normally found in a semi-frozen state, remained on the floor for a sufficient period of time to allow the ice to melt").  These cases hold that once a plaintiff presents evidence of how long the hazard has been present, the jury must decide whether that "was a sufficient amount of time during which [the defendant], in the

4

exercise of ordinary care, should have discovered the spill's existence and remedied the situation." *Id.*

The District Court rejected this argument in quick order, instead relying on two New Jersey slip-and-fall cases in which summary judgment was granted for the defendant. *See Hunt v. May Dep't Stores Co.*, No. A-2769-05T5, 2007 WL 957338, at *2 (N.J. Super. Ct. App. Div. Apr. 2, 2007) (affirming summary judgment where "there [was] no proof of how long [water] was [on the floor] before [the plaintiff] fell," but where there was no indication the water was from melting snow); *Fleming v. Macy's E., Inc.*, No. A-5572-06T2, 2008 WL 2951889, at *4 (N.J. Super. Ct. App. Div. July 30, 2008) (same). These cases are off point, however, because they did not involve a melting substance.

Notably, the Appellate Division of the Superior Court of New Jersey accepts that the condition of certain foreign substances can provide information as to how long those items have been in a particular location. In *Tua v. Modern Homes, Inc.*, 64 N.J. Super. 211, 220 (App. Div.), *aff'd*, 165 A.2d 798 (1960), the plaintiff slipped and fell on a "waxy substance" on the floor of a furniture store. The plaintiff testified that the wax into which she stepped "was soft in the center and was so 'encrusted' around the edges as to require [the use of] an implement to scrape the 'encrusted' substance from the floor surface." *Id.* The Court held that "[w]eak as plaintiffs' proofs are in the case at bar," this evidence "was sufficient to justify the very inference of the existence of the offending substance on the floor for a protracted period of time." *Id.*

5

Drawing all reasonable inferences in Cortes's favor, as we must, there is a genuine dispute of material fact as to whether BJ's had constructive notice of the hazard. As in *Tua*, Cortes's testimony about the condition of the large puddle of melted snow on the floor, together with other relevant evidence, was sufficient to support a reasonable inference as to the length of time the substance had been on the floor. New Jersey courts have held that "[t]ypically," constructive notice "is an issue of fact left for the jury's determination." *Bolchune v. Shop-Rite Supermarkets, Inc.*, No. A-3681-14T4, 2016 WL 4699172, at *4 (N.J. Super. Ct. App. Div. Sept. 8, 2016). Accordingly, it is for the jury to decide whether the amount of time it took for the large puddle to form on the floor was sufficient to put BJ's on constructive notice of the hazard. Thus we vacate the District Court's judgment and remand the case for further proceedings.[1]

---

[1] Because we vacate on constructive notice grounds, we need not address Cortes's alternative argument that the District Court's order violated New Jersey Local Civil Rule 56.1.