## TAYLOR v. KOENIG et al.

Court of Appeals of Kentucky.

Sept. 28, 1951.

Charles W. Anderson Jr., Harry S. McAlpin, Louisville, for appellant.

Curtis & Curtis, and Oldham Clarke, all of Louisville, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment rendered upon a directed verdict for the defendants in an action for personal injuries by Ruby Taylor.

The plaintiff testified that after dark on November 9, 1948, she got off a bus on the Bardstown Road in Louisville and "went a straight line to the liquor store" to get some cigarettes and "just before I got to the liquor store there were boards laying out there * * * and as I stepped on the boards they come out from under me and they went each way." She fell into a depression or ditch and suffered some bruises and strains. She proved damages. The plaintiff's further description of the occurrence and place is that the boards were over some water in a ditch, as she afterward discovered. She introduced a photograph which shows a paved parking lot between a building bearing a sign "Drive-in Liquors" and a restaurant. We would estimate its width as fifty or sixty feet. In referring to the picture, the plaintiff called attention to a manhole cap near the doorway of the liquor store and indicated that it was about the place she fell. She was asked, "How far was the ditch from the place where you stepped on the board to the edge of the sidewalk which is immediately in front of Mr. Dieruf's Store?" She answered, "It looks like to me that ditch would be five or six feet from the store." This is a summary of all the evidence in the case.

■ It will be observed that the name of no party who might have been responsible for the alleged negligent situation is mentioned. The petition alleged that W. C. Dieruf, Sr. owned and operated the liquor store "located at 2288 Bardstown Road, Louisville;" that he and another defendant, A. P. McMillen, who operated a laundry at the same number, maintained a dangerous walkway for their customers and the general public and that the plaintiff had suffered injury while on that way. She further charged that the defendants, Koenig Brothers, at the request of McMillen, "in making certain plumbing repairs" had made an excavation on the premises and "in so doing caused holes or depressions in the ground in front of Dieruf's drive-in liquor store" and had negligently made the "walkway or pathway unsafe and dangerous for persons walking lawfully upon said premises." McMillen admitted his employment of Koenig Brothers in making the excavation, but he and all the other defendants denied the other allegations of the petition and affirmatively pleaded contributory negligence. Dieruf admitted he operated the store but denied ownership of the property. The case was dismissed against McMillen by the plaintiff before trial. Thus, the pleadings of the two defendants remaining in the case placed the burden upon the plaintiff to prove all her allegations except that Dieruf operated the store to which she was going when she fell. We do not regard as applicable the principle that one in possession of property owes the duty to an invitee of exercising ordinary care to have the premises in reasonably safe condition, as stated in Young's Adm'r v. Farmers & Depositors Bank, 267 Ky. 845, 103 S.W.2d 667. The plaintiff merely proved the place where she fell was five or six feet from "Mr. Dieruf's store." She did not prove it was part of the premises he occupied, or the safety of which he was responsible, So, if it should be conceded that somebody was negligent, the plaintiff failed to prove that either of the defendants was the responsible party. The court, therefore, properly directed a verdict for them.

Judgment affirmed.