Fannie LAYMAN, Appellant,

v.

BEN SNYDER, Inc., Appellee.

Court of Appeals of Kentucky.

Sept. 20, 1957.

Hensley & Logan, Frank A. Logan and Fred B. Redwine, Louisville, for appellant.

Fielden Woodward, L. Lyne Smith, Jr. and Woodward, Hobson & Fulton, Louisville, for appellee.

STEWART, Judge.

Shortly after noon on February 15, 1955, appellant, Fannie Layman, was shopping in the store of Ben Snyder, Inc., appellee herein, in Louisville. This lady had met a friend for lunch on the first floor of the store and thereafter they ascended by elevator to the third floor. The luncheon companion, an employee of appellee's, returned to her employment and appellant went down to the second floor in search of foam rubber which she desired for the purpose of reupholstering a chair.

Appellant, in being waited upon by appellee's clerk, was led to a table or counter to the rear. Not finding the particular merchandise there, the clerk then pointed to a display of foam rubber hanging rolled-up on the wall a few feet from where appellant was standing and the latter walked across in front of a stairway to look at the product. In her examination of the merchandise appellant unrolled a portion of the foam rubber and in so doing stepped backward two or three feet and fell down the stairs. Appellant claims she was unaware of the existence of the stairs until she had fallen.

The evidence and exhibits disclose the stairway to be located parallel to the left wall of appellee's store and the top step of the stair well to be within approximately three feet of the spot where appellant inspected the display. The banister rail

which separates the stair well from the floor space of the second floor was partially obscured by merchandise so placed on counters as to be approximately level or slightly above the railing. The newel post, however, was clearly visible and must be passed to reach the foam rubber display hanging on the wall. By appellant's own testimony, the store was shown to be well lighted. There were no defects in the stairs, or in the top step or in the areaway at the head of the stairs. From the evidence it was disclosed appellant had been on the second floor of appellee's store several times prior to the accident.

At the conclusion of appellant's proof, the trial court directed a verdict for appellee upon the ground that appellant had failed to show any fault chargeable to it and that her fall was the unfortunate result of her own negligence. From a judgment dismissing the complaint this appeal is taken and the arguments of appellant are: (1) The obscuration of the stairway by stacking merchandise on counters in the manner indicated constituted negligence on the part of appellee and a jury should have been permitted to determine whether appellee used ordinary care to keep its premises in a reasonably safe condition for the use of its customers; and (2) the alleged statement by an employee of appellee that appellant could not see the stairs should have been admitted in evidence when offered by appellant. This statement was supposedly made to another employee out of the presence of appellant.

■ The duty the proprietor of a place of business owes a customer is the exercise of ordinary care to make the premises reasonably safe and to give adequate warning in order to enable such a person to avoid injury from any artificial or natural condition not reasonably safe and not known to the customer. Taylor v. Koenig, Ky., 242 S.W.2d 625; Price v. T. P. Taylor & Co., 302 Ky. 736, 196 S.W.2d 312; Bosler v. Steiden Stores, 297 Ky. 17, 178 S.W.2d 839. But the owner or occupant

of the business premises is not the insurer of the safety of his customers. Scuddy Coal Co. v. Couch, Ky., 274 S.W.2d 388. On everyone rests the duty to make use of his faculties in the interest of his own safety. The law contemplates the exercise of reasonable care by every person for his own protection against injury. Nor does it license one to walk blindly into dangers which are obvious or which could be anticipated by one of ordinary prudence. Fisher v. Hardesty, Ky., 252 S.W.2d 877; Allen v. Dillman, Ky., 249 S.W.2d 23.

■ In the instant case, the placing of merchandise in such a manner as to partially or even totally hide from sight the bannister rail of the stair well is not, under the circumstances, an act by which appellee can be termed to have been negligent. Indubitably it would be error to say this act was the proximate cause of appellant's mishap when she, in order to reach her destination near by the roll of foam rubber, had to pass within inches of the clearly visible newel post. It is undisputed that this areaway was well lighted and that the top portion of the stairway at this point was plainly in view. We cannot escape the conclusion that from the vantage point of appellant, had she watched where she was going, she would have seen the stairway either before she got to it or at the very least as she crossed in front of the head of it.

■ It is common knowledge that department stores of two or more stories have stairways connecting the floors as well as elevators and appellant is chargeable with such knowledge. Furthermore, since the accident took place in the middle of the day when there was plenty of light, there was no need on the part of appellee to erect any signs notifying appellant of the presence of the stairs because the steps themselves afforded as effective notice as it was possible to give her if she had used her powers of observation at the time to see where she was walking.

 We believe the accident was solely caused by appellant's own inattention and heedlessness of her surroundings. In the light of the evidence presented the court properly took the case from the jury and directed a verdict for appellee.

 Appellant's second argument stems from the refusal of the trial court to permit in evidence a statement made by David Sagerman, the salesman of appellee who was waiting on appellant at the time of the accident. It was claimed the statement was uttered after appellant had departed and while Sagerman was in the presence of another of appellee's employees. This latter person was called as a witness for appellant. By an avowal it was shown that Sagerman was purported to have said a short time after appellant's fall that he knew she could not see the stairs.

It is a well-recognized general rule that the admissions and representations of the officers or agents of a corporation, made during the transaction of the business entrusted to them or within the actual or apparent scope of their authority, may be introduced as evidence against the corporation. However, in order to render such statements and representations competent, they must have been made while the officer or agent was acting for the corporation within the scope or apparent scope of his authority. 20 Am.Jur., Evidence, Section 600, pages 511–512.

At the time the alleged remark was made, Sagerman was talking with a co-employee of appellee, and it was brought out that several hours had elapsed since the occurrence of the accident. We do not believe that the position enjoyed by Sagerman was such as to warrant a finding that the corporation authority placed in him included the authorization to make declarations in the nature of the present one. Under the circumstances it appears more probable that Sagerman was engaged in a casual conversation and was not at the time exercising any duty of a corporative nature. In the absence of other evidence, the statement of Sagerman cannot be considered admissible on the theory that it was binding on the corporation. Therefore, the ruling of the trial court was correct in excluding this testimony.

Wherefore, the judgment is affirmed.