**Georgia D. WIGGINS, Appellant,**

v.

**James M. SCRUGGS et al., Appellees.**

Court of Appeals of Kentucky.

June 27, 1969.

**582**

Albert Karnes, Paducah, for appellant.

Richard C. Roberts, Waller, Threlkeld, & Whitlow, Paducah, for appellees.

MONTGOMERY, Chief Justice.

Georgia D. Wiggins, appellant, sued James M. Scruggs et al., appellees, owners of a supermarket, for damages resulting from a fall in the supermarket. She stepped in or on a foreign substance on the floor. The trial court directed a verdict for the appellees at the close of the plaintiff's testimony. The apparent basis for the ruling was that the plaintiff had failed to show negligence on the part of the defendants, in that she had failed to show that the "shop keeper" knew or by the exercise of ordinary care could have known of the presence of the substance on the floor.

Appellant seeks to equate such a fall with the purchase of a sealed can of tainted food, with no opportunity to inspect the contents. See Martin v. Great Atlantic & Pacific Tea Company, 301 Ky. 429, 192 S.W.2d 201.

She further urges that the long-standing rule of Kroger Grocery & Baking Company v. Spillman, 279 Ky. 366, 130 S.W.2d 786, should be changed so as to place the burden of proof of a safe floor on the defendant.

Appellant slipped in an unidentified substance on the floor of the supermarket. She, with her husband and son, had entered the store, obtained a cart, and moved to the end of a row of shelves. At this point she parked the cart, turned up an aisle between shelves stocked with merchandise, and walked "a few feet" and fell. The store manager was standing about eight to ten feet from appellant facing a row of shelves, with his left side toward appellant.

The substance was about six-inches across. It was variously described as "cloudy, pale yellow," "yellowish," "grayish yellow," and as looking like the white of an egg. There was no proof of identification of the substance nor how long it had been on the floor. Appellant insists that the store manager should have discovered the presence of the substance since he was standing about eight to ten feet from it. The store manager was not called as a witness. No explanation is given as to why appellant did not see the substance.

The rule is stated in Kroger Grocery & Baking Company v. Spillman, 279 Ky. 366, 130 S.W.2d 786, thus:

" * * * In an action by an invitee for injuries sustained in a fall due to slipping by reason of stepping on refuse or foreign objects on a floor, the plaintiff must allege and prove that the defendant knew, or, by the exercise of ordinary care, could have known of the defect complained of. The shopkeeper is not an insurer of the customer's safety and is not, as a general rule, bound to anticipate an independent act of negligence by a third party in depositing such objects on the floor. (Citations omitted) Nor does the fact that two or more employees of appellant were performing their duties within a few feet of the grapes which appellee says were on the floor show negligence on the part of the appellant in failing to discover the

grapes, since there was an utter absence of proof as to how long they had been on the floor. They may have been dropped there immediately preceding appellee's fall. Appellee did not see them and it is reasonable to assume that the employees did not."

See also Lane v. Cardwell, Ky., 306 S.W.2d 290, 61 A.L.R.2d 202; Nelson v. Midwest Mortgage Company, Ky., 426 E.W.2d 149; Kroger Company v. Thompson, Ky., 432 S.W.2d 31; Cumberland College v. Gaines, Ky., 432 S.W.2d 650. Reference is made in the latter case to two annotations concerning the problem which sustain the conclusion here. See 61 A.L.R.2d Annotation, pages 6–100, and 62 A.L.R.2d, Annotation, pages 6–124. In Jones v. Jarvis, Ky., 437 S.W.2d 189, the doctrine of strict liability, here contended for, was specifically rejected. See cases cited therein.

For the reasons stated in the authorities cited, we see no reason to depart from the rule as stated. The appellant failed to make a submissible case of negligence. The trial court correctly directed a verdict for the appellees.

Judgment affirmed.

All concur.