Mary F. **STUMP,** Plaintiff,

v.

**WAL–MART STORES, INC.,** Defendant.

Civil Action No. 95–70.

United States District Court,
E.D. Kentucky.

Jan. 18, 1996.

Richard H.C. Clay, D. Craig York, C. Dean Furman, Jr., Woodward, Hobson & Fulton, Louisville, KY, for Wal–Mart Stores, Inc.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court upon the motion of the defendant, Wal–Mart Stores, Inc. (Wal–Mart), for summary judgment. The plaintiff, Mary F. Stump (Stump), has filed a response to which Wal–Mart has replied.

In addition, Stump has filed a motion for partial summary judgment. Wal–Mart has responded incorporating the arguments set forth in the memorandum in support of its motion for summary judgment.

Although no reply has yet been filed with respect to the motion for partial summary judgment, the Court will resolve this motion along with the motion of Wal–Mart for summary judgment.

### FACTUAL BACKGROUND

Stump and her granddaughter, Kim Stewart (Stewart), were shopping at the Wal–Mart store in Shelbyville on August 2, 1994. While browsing in one of the aisles, Stump slipped in a puddle of water. Stump claims that she fell and immediately felt pain. According to Steve Neal, assistant manager of the store at the time, Stump did not actually fall but caught herself. This is reflected in the customer incident report prepared that same day.

Stump filed an action in Shelby Circuit Court on July 19, 1995. Wal–Mart removed that action to this Court.

### DISCUSSION

It is well settled law in Kentucky that a business is not absolutely liable to its invitees. *Wiggins v. Scruggs*, 442 S.W.2d 581, 583 (Ky.1969) (citing *Jones v. Jarvis*, 437 S.W.2d 189 (Ky.1969)). That is, a business is not liable in all situations where one customer spills some substance on the floor and then another customer slips and falls in it. Rather, there must be negligence on the part of the business itself.

Roya A. Ghazi, Daniels Associates, Louisville, KY, for Mary F. Stump.

■ In seeking partial summary judgment, Stump is in effect asking the Court to impose absolute liability on Wal–Mart. This the law clearly does not allow. In addition, contrary to the assertion of Stump, it cannot be said that there are no factual disputes with respect to all of the four elements of negligence. *Helton v. Montgomery,* 595 S.W.2d 257, 258 (Ky.Ct.App.1980). For example, Wal–Mart points to certain facts contesting the assertion that it breached any legal duty and that any injury resulted from the slip. Failure of either of these elements would doom Stump's claim, necessitating denial of Stump's motion for partial summary judgment.

■ The critical element here is breach of duty. In order to prevail, a plaintiff must plead and prove, *inter alia,* that the business knew of the substance or that by the exercise of reasonable care the business should have known of the substance causing the injury. *Kroger Grocery & Baking Company v. Spillman,* 279 Ky. 366, 130 S.W.2d 786, 787 (1939). In the matter at hand, there is no question as to the lack of knowledge of Wal–Mart with respect to the water on the floor. The sole question relates to whether, in the exercise of reasonable care, Wal–Mart **should have known** of the water. Put another way, Wal–Mart has a legal duty to take reasonable steps to discover and upon discovery to remedy dangerous situations created by third parties on the premises. *Lane v. Cardwell,* 306 S.W.2d 290, 292–292 (Ky.1957).

Wal–Mart claims that Stump can adduce no evidence to prove (1) the source of the substance; and (2) the time the substance had been on the floor. As support therefor, Wal–Mart cites *Wiggins, Lane,* and *Spillman.* On this basis, Wal–Mart contends it is entitled to judgment as a matter of law.

■ As the Court understands these cases, Stump is not required to prove the source of the substance which, from the record, appears to be water. In *Wiggins,* the problem was an absolute failure of proof with respect to "identification of the substance [and] how long it had been on the floor." *Wiggins,* 442 S.W.2d at 582. If Stump were attempting to prove that Wal–Mart was negligent in putting a broken container on the

shelf which leaked water onto the floor, then the source of the substance would be important. This is not the case, however, as Stump is advancing on a theory that Wal–Mart failed to exercise reasonable care in discovering and remedying the condition. Whatever the source, it is this duty to keep an open eye and a ready mop that is in question.

Stump must prove, circumstantially or otherwise, the approximate amount of time that the water was on the floor. *Lane,* 306 S.W.2d at 292. In *Lane,* like in *Wiggins,* there was a complete failure of proof in this respect. That is, no evidence whatsoever was introduced to establish the time frame. Error was found in submitting these matters to the jury because, in effect, this would allow the jury to impose absolute liability on the storekeeper which caselaw clearly does not allow in this situation. *Lane,* 306 S.W.2d at 292.

■ Accordingly, the question becomes whether there is a genuine question as to how long the water was on the floor. As the record now stands, evidence on this point is scarce. As is to be expected, neither Stump nor her granddaughter have any idea how long the water had been there. The assistant manager, Neal, claims to have walked down the aisle in question ten to fifteen minutes before the accident and reports that the aisle was clean and dry. Before Neal's check, a safety sweep had been conducted approximately one hour before the accident. Wal–Mart contends that on this evidence Stump cannot prove how long the water had been there.

In a case of non-discovery, it is inherently difficult to establish how long a substance had been on the floor. Even so, this does not relieve the plaintiff of her obligation to prove that there has been a breach of duty. The plaintiff's memoranda and the record reveal that there is only one piece of evidence pointing to how long the water had been there. We know that at the outside limit, the aisle was clean and dry ten to fifteen minutes before the accident.

Stump has failed to introduce any evidence whatsoever which would contradict the sworn

statements of Neal establishing this time frame. Further, Stump has utterly failed to introduce any proof whatsoever as to the length of time that the water was on the floor on this particular occasion. Put another way, the plaintiff has failed to meet her burden of showing a genuine issue of material fact with respect to how long the water was on the floor and, therefore, the plaintiff is unable to establish the necessary element of breach of duty by Wal–Mart.

## CONCLUSION

With no evidence to support the breach of duty element, the motion of Wal–Mart for summary judgment must be granted. To hold otherwise would be to open the door to the possibility that a jury could find Wal–Mart strictly liable for the condition of the premises without regard for Wal–Mart's own conduct.

**IT IS SO ORDERED.**