Barbara Ruth LANIER, Appellant,

v.

WAL–MART STORES, INC., Appellee.

No. 2000–SC–1089–DG.

Supreme Court of Kentucky.

March 20, 2003.

Michael L. Burman, Hopkinsville, for Appellant.

Virginia Hamilton Snell, Deborah H. Patterson, Wyatt, Tarrant & Combs, Louisville, Van Franklin Sims, Paducah, for Appellee.

Jeffery Roberts, Murray, for Amicus Curiae Kentucky Academy of Trial Attorneys.

COOPER, Justice.

This is an appeal from a summary judgment granted by the Christian Circuit Court to Appellee Wal–Mart Stores, Inc., on Appellant Barbara Ruth Lanier's claim for damages for injuries sustained when she slipped and fell in the Hopkinsville Wal–Mart Superstore. The Court of Appeals affirmed the summary judgment. We granted discretionary review to reconsider the allocation of the burden of proof in so-called "slip and fall" cases brought by business invitees who claim to have been injured as a result of slipping on a foreign substance while conducting business on commercial premises.

"Slip and fall" cases are traditionally based on the duty of care that a possessor of land owes to an invitee. "A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." Restatement (Second) of Torts § 332(3) (A.L.I.1965).

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he:

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees; and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and

(c) fails to exercise reasonable care to protect them against the danger.

*Id.* at § 343. And, if the possessor of the property holds it open to the public for entry for his business purposes, he is subject to liability to members of the public while they are on the property for business purposes for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons if the possessor failed to exercise reasonable care to either: a) discover that such acts are being done or are likely to be done, or b) give warning adequate to enable the business visitors to avoid the harm, or otherwise protect them against it. *Id.* § 344.

■ Under these common law principles, the business owner has an affirmative duty to exercise reasonable care to inspect for hazardous conditions.

The occupier must not only use care not to injure the visitor by negligent activities, and warn him of hidden dangers known to the occupier, but he must also act reasonably to inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use of the property.

William Prosser and W. Page Keeton, *Prosser and Keeton on Torts,* § 61, at 425–26 (5th ed.1984). These general principles relate only to the duty owed by a business proprietor to his customers and not to the burden of proof as to whether that duty has been violated.

On February 18, 1997, Barbara Ruth Lanier, then age 73, entered the Wal–Mart Superstore in Hopkinsville, Kentucky, with her husband and her adult daughter. She and her daughter were shopping separately in the grocery department and her husband was shopping in the hardware department. At approximately 12:40 p.m., Mrs. Lanier momentarily parked her shopping cart in aisle 8 of the grocery department and turned to speak to friends. As she approached her friends, Lanier slipped in a "spot of [clear] liquid" that was on the floor. She lost her balance, bumped her head against the aisle shelves, and fell to the floor. Lanier admits that nothing impaired or impeded her view of the area, but that she simply did not notice the liquid on the floor in front of her.

Following discovery, Wal–Mart was granted summary judgment on the ground that Lanier could not prove negligence on the part of Wal–Mart in accordance with the burden of proof that presently exists under Kentucky law. That burden requires a plaintiff in this type of action to plead and prove, *inter alia,* that the proprietor or his employees either caused the foreign substance to be on the floor or, by the exercise of reasonable care, could have discovered it and either removed it or warned of its presence before the accident occurred.

Where the floor condition is one which is traceable to the possessor's own act— that is, a condition created by him or under his authority—or is a condition in connection with which the possessor is shown to have taken action, no proof of notice of the condition is necessary. However, where it is not shown that the condition was created by the possessor or under his authority, or is one about which he has taken action, then it is necessary to introduce sufficient proof by either direct evidence or circumstan-

tial evidence that the condition existed a sufficient length of time prior to injury so that in the exercise of ordinary care, the possessor could have discovered it and either remedied it or given fair adequate warning of its existence to those who might be endangered by it.

*Cumberland College v. Gaines,* Ky., 432 S.W.2d 650, 652 (1968) (*citing Kroger Co. v. Thompson,* Ky., 432 S.W.2d 31 (1968)).

Lanier admits that she cannot prove how long the clear liquid substance was on the floor or that Wal–Mart's employees either spilled it there or had actual or constructive notice of its presence for a sufficient time to have removed it before she fell. In the face of this evidentiary insufficiency, Lanier is forced to contend—in effect—that the spill should be presumed attributable to Wal–Mart because of its self-service method of retail sales. She observes that customers of all ages and abilities are encouraged by Wal–Mart to handle its merchandise and to move it about the store either by hand or by way of shopping baskets and carts that are provided by the store for that purpose. She argues that this method of self-service sales facilitates the creation of hazardous conditions which it is reasonably foreseeable will result in harm to innocent customers. She maintains that she has presented a submissible case that should, at a minimum, withstand a motion for summary judgment.

Wal–Mart's Hopkinsville Superstore contains more than two acres of self-service shopping areas consisting of a number of departments, including the grocery department where Lanier fell. There were fourteen management and eighty-four hourly employees on duty when the accident occurred. None claims to have seen Lanier fall, or to have discovered the clear liquid substance that caused her to fall, or to know what caused it to be on the floor where she fell. Two employees who observed the substance after Lanier fell speculated that it could have been shampoo that might have dripped from another customer's shopping cart. The exact nature and source of the substance was never established.

 The inherent inequity in our present approach to the burden of proof in premises liability cases of this kind was discussed at length in the concurring opinion in *Smith v. Wal–Mart Stores, Inc.,* Ky., 6 S.W.3d 829 (1999).

I would go further and address the onerous burden of proof placed on retail customers by cases such as *Jones v. Jarvis,* Ky., 437 S.W.2d 189 (1969). *See also Wiggins v. Scruggs,* Ky., 442 S.W.2d 581 (1969); *Cumberland College v. Gaines,* Ky., 432 S.W.2d 650 (1968); *Nelson v. Midwest Mortgage Co.,* Ky., 426 S.W.2d 149 (1968); *Lane v. Cardwell,* Ky., 306 S.W.2d 290 (1957); *Kroger Grocery & Baking Co. v. Spillman,* 279 Ky. 366, 130 S.W.2d 786 (1939). These cases hold that the customer must prove that (1) the foreign substance/object was caused to be on the floor by the actions of the proprietor or his employees, or (2) the substance/object had been on the floor for a sufficient length of time that it should have been discovered and removed or warned of by the proprietor or his employees. Thus, absent proof that the proprietor or his employees caused the substance/object to be on the floor, the injured customer is faced with the daunting burden of proving how long the substance/object had been on the floor before the accident and whether that was a sufficient length of time for notice and correction to have taken place.

Presumably, had the customer had personal knowledge of the presence of the substance/object before the accident, he would not have stepped on it. Ab-

sent his own knowledge or some other inferential proof, such as the melted Icee in this case, the customer must either produce a witness who saw the substance or object on the floor prior to [the] accident or face either summary judgment or a directed verdict. Placing this virtually insurmountable burden of proof on the customer is inconsistent with the proposition that a proprietor of a place of business has a duty to keep his premises in a reasonably safe condition for normal use by his customers. *Winn–Dixie Louisville, Inc. v. Smith,* Ky., 372 S.W.2d 789 (1963); *Layman v. Ben Snyder, Inc.,* Ky., 305 S.W.2d 319 (1957).

To balance the competing principles of notice versus duty, the issues of causation and notice should be treated not as elements of the customer's case, but as affirmative defenses of the proprietor. The customer would retain the burden of proving that there was a foreign substance/object on the floor and that such was a substantial factor in causing his accident and injury. Such proof that the premises were unsafe would avoid a summary judgment or directed verdict and shift to the proprietor the burden of proving that his employees did not cause the substance/object to be on the floor and that it had been there for an insufficient length of time to have been discovered and removed or warned of by his employees.

*Smith, supra,* at 831–32 (Cooper, J., concurring). The opinion then set forth suggested specimen jury instructions embodying this burden-shifting approach to premises liability cases. *Id.* at 832.

The burden-shifting approach espoused in the *Smith* concurrence was subsequently adopted by the Supreme Court of Florida in *Owens v. Publix Supermarkets, Inc.,* 802 So.2d 315 (Fla.2001).

We hold that the existence of a foreign substance on the floor of a business premises that causes a customer to fall and be injured is not a safe condition and the existence of that unsafe condition creates a rebuttable presumption that the premises owner did not maintain the premises in a reasonably safe condition.

Thus, once the plaintiff establishes that he or she fell as a result of a transitory foreign substance, a rebuttable presumption of negligence arises. At that point, the burden shifts to the defendant to show by the greater weight of evidence that it exercised reasonable care in the maintenance of the premises under the circumstances. The circumstances could include the nature of the specific hazard and the nature of the defendant's business.

*Id.* at 331. *See also Safeway Stores, Inc. v. Smith,* 658 P.2d 255, 258 (Colo.1983); *Wollerman v. Grand Union Stores,* 47 N.J. 426, 221 A.2d 513, 514–15 (1966).

The modern self-service form of retail sales encourages the business's patrons to obtain for themselves from shelves and containers the items they wish to purchase, and to move them from one part of the store to another in baskets and shopping carts as they continue to shop for other items, thus increasing the risk of droppage and spillage.

It is a commonly known fact that customers of what has become to be known as "food Chain Stores" wait upon themselves from counters or bins where the merchandise has been placed in a manner to give them easy access to it. They fill their own packages and it is almost inevitable that some portion of some articles might be dropped on the floor upon which an immediately succeeding customer might step, producing his fall and consequent injury.

*Bosler v. Steiden Stores,* 297 Ky. 17, 178 S.W.2d 839, 841 (1944). In its response to Lanier's motion for summary judgment, Wal–Mart conceded that it operated its Hopkinsville Superstore in that fashion.

> [S]elf-service grocery stores and other department stores allowing customers direct contact with products have been in existence for years. The manner in which Wal–Mart operates is not unique. Other grocery stores, such as that in *Bosler v. Steiden Stores* [*supra,* citation omitted], also allowed customers to wait on themselves. Self-service grocery stores and department stores came into existence more than 50 years ago. There has been little change in the method of operation of such stores in regard to how products, whether produce, frozen items, or shampoo, are stocked and customers obtain direct access to the product.

It is also common knowledge that modern merchandising techniques employed by self-service retail stores are specifically designed to attract a customer's attention to the merchandise on the shelves and, thus, away from any hazards that might be on the floor. This fact is exemplified by photographs in this record showing the layout of aisle 8 of the grocery department of the Wal–Mart Superstore where Lanier fell. Under these circumstances, it is unreasonable to require the customer to prove how a foreign substance was caused to be on the floor and/or how long it had been there. Most importantly, however, both logic and fairness mandate that, as between two apparently innocent parties, one being a business proprietor having a duty to maintain his premises in a reasonably safe condition for the use of his customers, and the other being the invited customer, the burden of proof with respect to the cause of an unsafe condition of the premises should be on the one with the duty to prevent it.

Thus, we now depart from our previous approach imposing the burden on the injured customer to prove how the foreign substance came to be on the floor and/or how long it had been there and adopt the burden-shifting approach exemplified by the specimen instructions set forth in the concurring opinion in *Smith v. Wal–Mart, supra,* at 832. Insofar as our previous cases hold that the entire burden of proof rests on the injured customer, they are overruled.

■ By adopting the burden-shifting approach to premises liability, we choose the middle ground between our previous approach, which imposed the entire burden on the injured customer, and the so-called "mode of operation" approach, which imposes strict liability on the retail proprietor once the plaintiff proves that he or she was injured as a result of slipping on a transitory foreign substance on the premises. *Dumont v. Shaw's Supermarkets, Inc.,* 664 A.2d 846, 849 (Me.1995) ("Pursuant to the 'mode of operation' rule, the conduct of customers is imputed to the store owner by reason of the store owner's choice of customer self-service as a mode of operation.") This middle ground preserves our adherence to the rule that a business is not an insurer of its patrons' safety and is not strictly liable for injuries suffered by a customer on its premises. *Wiggins v. Scruggs,* Ky., 442 S.W.2d 581, 582 (1969); *Jones v. Jarvis,* Ky., 437 S.W.2d 189, 190 (1969). This principle was recently reiterated in *Stump v. Wal–Mart Stores, Inc.,* 946 F.Supp. 492 (E.D.Ky. 1996), wherein the federal district court noted that "in Kentucky . . . a business is not liable in all situations where one customer spills some substance on the floor and then another customer slips and falls in it. Rather, there must be negligence on the part of the business itself." *Id.* at 493.

Thus, we decline to abrogate the requirement of "negligence on the part of the business itself," but instead impose a rebuttable presumption that shifts the burden of proving the absence of negligence, *i.e.,* the exercise of reasonable care, to the party who invited the injured customer to its business premises.

Our holding does not make the operator of a self-service grocery store an insurer against all accidents on the premises. The proprietor is guilty of negligence only if he fails to use reasonable care under the circumstances to discover the foreseeable dangerous condition and to correct it or to warn customers of its existence. We believe, however, that it is unrealistic to require the victim of a fall resulting from a dangerous condition in a self-service grocery store to present evidence of the absence of reasonable care by the storekeeper. The steps the storekeeper took to discover the condition and to correct or warn of it are peculiarly within his own knowledge.

*Safeway Stores, Inc. v. Smith, supra,* at 258 (citations omitted).

Accordingly, we reverse the summary judgment entered by the Christian Circuit Court and its affirmance by the Court of Appeals and remand this case to the Christian Circuit Court for further proceedings in accordance with this opinion.

LAMBERT, C.J.; GRAVES and STUMBO, JJ., concur.

JOHNSTONE, J., dissents by separate opinion with KELLER and WINTERSHEIMER, JJ., joining that dissenting opinion.

JOHNSTONE, Justice, dissenting.

This Court has consistently held that "established precedent which itself is based upon a reasonable premise" should not be overturned unless "the need to change the law is compelling." *Corbin Motor Lodge v. Combs,* Ky., 740 S.W.2d 944, 946 (1987). As this case presents no compelling reason to change existing slip and fall law in Kentucky, I respectfully dissent.

Until now, Kentucky slip and fall law has required that a retail customer "allege and prove that the defendant knew, or, by the exercise of ordinary care, *could* have known of the defect complained of." *Kroger Grocery & Baking Co. v. Spillman,* 279 Ky. 366, 367, 130 S.W.2d 786, 787 (1939) (emphasis added). Under the notice rule, a customer must "introduce sufficient proof by either direct or circumstantial evidence that the [hazardous] condition existed a sufficient length of time prior to injury so that in the exercise of ordinary care, the possessor *could* have discovered it and either remedied it or given fair adequate warning of its existence ...." *Cumberland College v. Gaines,* Ky., 432 S.W.2d 650, 652 (1968) (emphasis added).

In holding that proof of notice places a "daunting burden" on customers, the majority operates under the assumption that plaintiffs must prove that a proprietor "*should* have" discovered and removed or warned of the hazardous transient substance. Slip op. at 5 (emphasis added). But prior case law only requires plaintiffs to prove that a proprietor "*could* have" discovered and removed or warned of the hazardous transient substance. The verb "could" denotes possibility, while the verb "should" expresses expectation and obligation. It is easier to prove that a proprietor "could have" removed a dangerous substance than to prove that he "should have" removed that substance.

Prior to 1996, Kentucky cases consistently required plaintiffs to prove the proprietor "could have" rectified the hazard-

ous situation, either through removal or warning. In 1996, a federal district court transmuted "could" to the more familiar federal standard of "should." *Stump v. Wal–Mart Stores, Inc.*, 946 F.Supp. 492, 494 (E.D.Ky.1996). Shortly thereafter, in *Smith v. Wal–Mart Stores, Inc.*, Ky., 6 S.W.3d 829 (1999), this Court held that evidence of a melting Icee created a jury question as to whether Wal–Mart "should have" discovered and remedied the Icee spill. *Id.* at 831. However, application of the "should have" standard was not dispositive or discussed.

The majority opinion applies the "should have discovered" standard in interpreting Kentucky's current proof of notice requirement. Yet, none of the cases cited by the majority employ the "should have discovered" standard. *See Jones v. Jarvis*, Ky., 437 S.W.2d 189 (1969); *Wiggins v. Scruggs*, Ky., 442 S.W.2d 581 (1969); *Cumberland College v. Gaines*, Ky., 432 S.W.2d 650 (1968); *Lane v. Cardwell*, Ky., 306 S.W.2d 290 (1957); and *Kroger v. Spillman*, 279 Ky. 366, 130 S.W.2d 786 (1939). These cases only require plaintiffs to prove that the proprietor "could have" discovered and removed or warned of the transient substance. The majority opinion is premised on the erroneous assumption that plaintiffs must meet a higher burden of proof than actually exists.

Applying the proper burden of proof, current Kentucky slip and fall law does not place an undue burden on plaintiffs, as proof of notice can be established by circumstantial evidence. This Court has only dismissed slip and fall cases where plaintiffs have utterly failed to produce circumstantial evidence. This Court recognized long ago that if a slip and fall plaintiff completely lacks any evidence as to how long a transient substance was on the floor, then submission to the jury is impermissible as it gives "permission to the jury to enter the realm of speculation." *Kroger v. Spillman*, 130 S.W.2d at 788. The majority's opinion encourages this prohibited practice of jury speculation. *Steely v. Hancock*, Ky., 340 S.W.2d 467 (1960).

Wal–Mart identified 84 employees who were on the clock when Lanier fell. Of those, 20 employees were "believed to have a higher probability of being in the grocery area of the store" where Lanier fell. (Record, Vol. II. at 222). Wal–Mart also identified five employees who came to Lanier's assistance after her fall. But Lanier took no depositions and failed to present any evidence that Wal–Mart could have removed the spill. On such a scant record, a jury would be forced to engage in speculation.

Under the majority's new shifting the burden of proof standard, a plaintiff need only assert that he slipped and fell on a transient substance and was injured as a result thereof. This minimal requirement eviscerates plaintiffs' obligation to prove breach of duty under negligence law. In *Jones v. Jarvis*, Ky., 437 S.W.2d 189 (1969), this Court rejected eliminating proof of notice, holding that such elimination would essentially create strict liability.

Here, the majority explains that, in shifting the burden of proof, it is not endorsing strict liability. In practice, that is a distinction without a difference, and the majority's revision of the burden of proof will, by indiscriminately flinging open the gates to trial, substantially affect not only the Wal–Marts of the world, but also every "Mom and Pop" business in the Commonwealth. Plaintiffs do not have to prove any negligence whatsoever to avoid summary dismissal and get before a jury. This result not only conflicts with basic principles of negligence law, but also with the common law principle that a proprietor is not an insurer for a customer's safety. *Lane v. Cardwell*, Ky., 306 S.W.2d at 291;

*Bosler v. Steiden Stores, Inc.,* 297 Ky. 17, 22, 178 S.W.2d 839, 841 (1944); *Kroger v. Spillman,* 130 S.W.2d at 787.

For the foregoing reasons, I would affirm the opinion of the Court of Appeals.

KELLER and WINTERSHEIMER, JJ., join this dissenting opinion.