William B. JOHNSON, et al Plaintiffs

v.

SERVICE MERCHANDISE COMPANY, et al Defendants

No. 2000–240.

United States District Court, E.D. Kentucky, at Covington.

July 14, 2004.

**736**

Beverly R. Storm, Arnzen & Wentz, Covington, KY, Elbert Douglas Baldridge, Jr., Covington, KY, Mark G. Arnzen, Arnzen & Wentz, Covington, KY, Steven R. Zweigart, Royse, Zweigart, Kirk & Brammer, Maysville, KY, for William B. Johnson, Pamela M. Johnson, Plaintiffs.

Craig R. Paulus, Taft, Stettinius & Hollister LLP, Cincinnati, OH, David Brian Sloan, Gary John Sergent, O'Hara, Ruberg, Taylor, Sloan & Sergent, Covington, KY, Gerald J. Rapien, Mary A. DeFalaise, Taft, Stettinius & Hollister, Cincinnati, OH, Robert B. Craig, Taft, Stettinius & Hollister, Covington, KY, for Service Merchandise Co., Inc., defendant.

Christie L. Pattinson, Frost Brown Todd LLC, Cincinnati, OH, David D. Black, Michael G. Adams, Dinsmore & Shohl, Cincinnati, OH, Gregory Allen Belzley, Dinsmore & Shohl, Louisville, KY, Jeffrey Slayton Smith, Frost Brown Todd LLC, Cincinnati, OH, for Coyne International Enterprises Corp., dba Coyne Textile Services, defendant.

### *ORDER*

BERTELSMAN, District Judge.

On July 2, 2003, an oral argument was held on all pending motions. William B. Johnson was represented by Steven Zweigart, Beverly Storm, and Doug Baldridge. Service Merchandise Company, Incorporated was represented by Craig Paulus and Gerald Rapien. Coyne International Enterprises Corporation was represented by Gregory Belzley and David Black. Royal & Sun Alliance Insurance Company was represented by David Strite and Michael Dailey. Official court reporter Joan Averdick recorded the proceedings.

Briefly, the facts of this matter include that William B. Johnson was injured while in Service Merchandise when he tripped on a rubber mat. The mat was supplied and serviced pursuant to a contract between Service Merchandise and Coyne. The contract between Service Merchandise and Coyne included a clause in which Coyne agreed to name Service Merchandise as an additional insured on its liability policy. Coyne was insured by Royal.

Although Coyne did not specifically list Service Merchandise by name as an additional insured, the court finds that Service Merchandise was covered by Coyne's policy with Royal pursuant to the following "General Liability Coverage Enhancement Endorsement":

12. ADDITIONAL INSUREDS–BY CONTRACT, AGREEMENT OR PERMIT

The following is added to SECTION II—WHO IS AN INSURED:

> 5.  a.  Any person or organization you are required by a written contract, agreement or permit to name as an insured is an insured but only with respect to liability arising out of:
>
> 1.  "Your work" performed for that insured at the location designated in the contract, agreement or permit; or
>
> 2.  Premises owned or used by you.

The policy defines "Your work" as:

a.  Work or operations performed by you or on your behalf; and

b. Material, parts, or equipment furnished in connection with such work, or operations.

■ Royal argues that its policy would not cover Service Merchandise's own negligence even if it was an additional insured because the phrase "your work" only applies to Coyne, not Service Merchandise. The court concludes that the doctrine of reasonable expectations applies in this case.[1] The rule of interpretation known as the reasonable expectations doctrine resolves an insurance-policy ambiguity in favor of the insured's reasonable expectations. *True v. Raines*, 99 S.W.3d 439, 443 (Ky.2003). This doctrine " 'is based on the premise that policy language will be construed as laymen would understand it' and applies only to policies with ambiguous terms.... Under the reasonable expectations doctrine, when such an ambiguity exists, the ambiguous terms should be interpreted 'in favor of the insured's reasonable expectations.' " *Id.* (Notes and citations omitted). In other words, "[u]nder the 'doctrine of reasonable expectations,' an insured is entitled to all the coverage he may reasonably expect to be provided according to the terms of the policy." *Goodman v. Horace Mann Ins. Co.*, 100 S.W.3d 769, 772 (Ky.App.2003) (citing *Woodson v. Manhattan Life Ins. Co.*, 743 S.W.2d 835, 839 (Ky.1987)).

■ Under the circumstances of the present case, Coyne paid premiums to Royal based on its reasonable expectation that the policy provided to it by Royal covered Service Merchandise as an additional insured, and Service Merchandise relied on the policy with Royal, reasonably expecting to be covered for liability related to Coyne's mats. The court finds that both Coyne and Service Merchandise had a reasonable expectation that Royal's policy covered Service Merchandise as an additional insured. The principal risk Service Merchandise would be concerned about is that someone would fall on a mat as Mr. Johnson did and sue Service Merchandise as he did. Service Merchandise might not have subscribed to Coyne's mat service but for the promise to be included in Coyne's liability policy. The reasonable expectations included coverage for allegations of negligence against Service Merchandise itself, such as those Johnson made. Accordingly, Coyne fulfilled its contractual obligations to provide insurance for Service Merchandise as an additional insured; therefore, Service Merchandise's alternative motion for summary judgment for breach of contract is hereby denied.

As to the motions regarding summary judgment on Johnson's negligence claims for premises liability, the court finds that, pursuant to *Lanier v. Wal–Mart Stores, Inc.*, 99 S.W.3d 431, 435 (Ky.2003), Service Merchandise now has the burden to show that the wrinkle or bulge in the rubber mat on which Johnson tripped was not present long enough to put it on notice of the dangerous condition. The court concludes there is a genuine issue of material fact regarding this issue.

The parties having been heard and the court being advised,

IT IS ORDERED that:

1. The motion for summary judgment by defendant Service Merchandise (doc. # 58–1) be, and it is, hereby, **denied in part** as to its breach of contract claim against Coyne; **granted in part** as to its

---

1. Royal asserts that Kentucky law applies. New York law would reach the same conclusion. Royal cites the authorities from many states that would interpret "your work" as not including Service Merchandise's negligence. The court does not believe that Kentucky would follow those cases as Kentucky courts have always interpreted ambiguities in insurance polices favorably to the insured.

claims that Coyne's agreement to name it as an additional insured includes insuring Service Merchandise for its own negligence; and **granted in part** in that Royal's policy with Coyne covers Service Merchandise as an additional insured under the doctrine of reasonable expectations for Service Merchandise's own negligence.

2. The cross-motion by defendant Coyne for summary judgment (doc. # 62–1) be, and it is, hereby **granted in part** in that it fulfilled its contractual obligations to Service Merchandise regarding insurance coverage; but **denied in part** in that naming Service Merchandise as an additional insured did not include coverage for Service Merchandise's own negligence.

3. The cross-motion by Royal for summary judgment (doc. # 64–1) be, and it is, hereby **denied**. Both Coyne and Service Merchandise had reasonable expectations that Coyne's policy with Royal covered Service Merchandise as an additional insured for Service Merchandise's own negligence. Accordingly, the court finds that, as a matter of law, Royal is obligated to provide coverage and a defense to Service Merchandise. Royal's intervening complaint is hereby **dismissed** and a separate judgment shall be entered concurrently herewith.

4. The motion for summary judgment by defendant Coyne (doc. # 71–1) be, and it is hereby, **denied in part as moot** in that plaintiff Johnson is not pursuing a products liability action against it. However, the claim that Coyne was negligent is hereby held in **abeyance** and plaintiff Johnson and Service Merchandise shall have **sixty (60) days** to have an expert examine the mat at issue to develop any proof that Coyne was negligent and file a response to Coyne's motion on this issue. Coyne may file a supplemental brief or reply within **fifteen (15) days** thereafter.

5. The motion for summary judgment by Service Merchandise against plaintiff (doc. # 72–1) be, and it is, hereby **denied**. The court finds that there are genuine issues of material fact surrounding Johnson's fall.

6. The motion by defendant Service Merchandise for leave to file surreply (doc. # 75–1) be, and it is, hereby **granted,** and the alternative motion to strike Royal's reply (doc. # 75–2) be, and it is, hereby **denied**.

7. Plaintiff is hereby ordered to make a demand for settlement purposes within **fifteen (15) days,** and defendants are hereby ordered to respond to plaintiff's demand **fifteen (15) days** thereafter. The parties shall engage in a good faith attempt to settle this matter.

8. A jury trial is hereby set for Monday, November 3, 2003 at 10:00 a.m. in this matter and a final pretrial conference is hereby set for Friday, October 10, 2003, at 2:00 p.m. at which time the court will take up the issue of whether liability and damages should be tried separately, and the court will set time limits at the conference. A final pretrial conference order is hereby filed concurrently herewith.