RENDERED: JULY 14, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0452-MR

BRENDA COMPTON                                                     APPELLANT


                         APPEAL FROM JOHNSON CIRCUIT COURT
v.                 HONORABLE JOHN DAVID PRESTON, JUDGE
                             ACTION NO. 21-CI-00066


BODDIE NOELL ENTERPRISES,
INC., D/B/A HARDEE'S
RESTAURANT                                                 APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND ECKERLE, JUDGES.

DIXON, JUDGE: Brenda Compton appeals from the order granting summary judgment in favor of Boddie Noell Enterprises, Inc., d/b/a Hardee's Restaurant (Hardee's), entered by the Johnson Circuit Court on March 25, 2022. Following a careful review of the record, briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On March 15, 2020, Compton was injured at Hardee's and thereafter filed suit on March 12, 2021. Her complaint against Hardee's was vague and merely alleged she "encountered an unsafe condition on the premises" which injured her. Hardee's mailed a copy of its answer and first set of interrogatories to Compton's counsel at the address listed on the complaint – 124 West Court Street, Prestonsburg, Kentucky. Compton timely filed an answer to the first two interrogatories, but her answers were neither signed nor verified.

The trial court scheduled a status conference for June 11, 2021, but sent a copy of its order to Compton at 214 South Central Avenue, Prestonsburg, Kentucky. At the status hearing, the trial court entered an order setting trial for April 25, 2022. A copy of that order was also sent to Compton at 214 South Central Avenue and returned as undeliverable and unable to forward.

Hardee's sent a second set of interrogatories and requests for production of documents, as well as requests for admission, to Compton at the address listed in the complaint. After Compton failed to answer, Hardee's moved the trial court to compel her answers to interrogatories and requests for production of documents, as well as to provide a current address because its mail was returned as undeliverable and unable to forward. The trial court granted the motion and gave Compton ten days to answer. Although the distribution list included the

address in the complaint, the envelope containing the order was addressed to 214 South Central Avenue and, again, was returned as undeliverable and unable to forward.

Over one month later, Hardee's moved the trial court for summary judgment because Compton failed to support – or even fully identify – her claims. Its motion was mailed to the address listed in the complaint.

Less than one month later, Compton responded to the motion. The only additional light she shed on the incident was that she "slipped and fell . . . in the bathroom" at Hardee's. Compton claimed she was unaware of the requests for admission prior to the motion for summary judgment, but she was certainly aware thereafter as a copy of the requests was attached to that motion. Compton updated the address in her response to 112 West Court Street, Suite 202, Prestonsburg, Kentucky.

A hearing was held the following day, during which the trial court entered an order denying the motion for summary judgment and giving Compton ten days to answer all pending discovery. A copy of the order was again inexplicably sent to the 214 South Central Avenue address and again returned as undeliverable and unable to forward.

Nearly two months later, Hardee's renewed its motion to compel answers to interrogatories and requests for production of documents, as well as its

motion for summary judgment, and mailed these to the updated address. A hearing was held on March 25, 2022 – one month prior to the date trial was scheduled to begin – at which the trial court found there was no genuine issue of material fact and Hardee's was entitled to summary judgment as a matter of law. The court's order was entered the same day, and this appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).

An appellate court's role in reviewing an award of summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists, and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v.*

---

[1] Kentucky Rules of Civil Procedure.

*Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing

*Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

Here, because the trial court granted summary judgment to Hardee's,

we review the facts in a light most favorable to Compton and resolve all doubts in

her favor. Applying the *Steelvest* standard, and based on the record, we agree with

the trial court that there was no genuine issue of material fact. Therefore, we

conclude that summary judgment was proper.

## LEGAL ANALYSIS

On appeal, Compton argues the trial court erred in granting summary

judgment because there was "clear evidence showing that there were issues of

material fact[.]" However, Compton points us to no such evidence. Instead, she

"alleges that there is a genuine issue of material fact that [Hardee's was] well

aware of" without identifying ***what*** that fact was. She further claims despite there

being essentially no discovery undertaken – whether her fault or not – "that does

not preclude that there are material facts at issue[.]"

In *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003), the

Supreme Court of Kentucky adopted a burden-shifting approach to premises

liability cases involving injuries to business invitees, such as Compton. Under that

approach, to create a rebuttable presumption sufficient to defeat Hardee's motion

for summary judgment, Compton was required to show:

(1) . . . she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees. [*Lanier*, 99 S.W.3d at 435-36.] Such proof creates a rebuttable presumption sufficient to avoid a summary judgment or directed verdict, *id*. at 435, and "shifts the burden of proving the absence of negligence, i.e., the exercise of reasonable care, to the party who invited the injured customer to its business premises." *Id*. at 437.

*Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003).

The Supreme Court further observed in *Phelps v. Bluegrass Hospital Management, LLC*, 630 S.W.3d 623, 628-29 (Ky. 2021) (quoting *Weidekamp's Adm'x v. Louisville & N.R. Co.*, 159 Ky. 674, 167 S.W. 882, 884 (1914)), when confronted with a premises liability claim:

[n]either courts nor juries are authorized to indulge in speculation or guesswork as to the cause of accidents; **there must be some tangible evidence from which it may be fairly said what brought about the accident**. It has long been the rule in this state that no recovery can be had in such cases where the evidence is so unsatisfactory as to require surmise or speculation as to how the injury occurred, and that there will be no presumption of negligence.

(Emphasis added.) Moreover, "'[b]elief' is not evidence and does not create an issue of material fact." *Sparks v. Trustguard Ins. Co.*, 389 S.W.3d 121, 124 (Ky. App. 2012) (citations omitted).

In the case herein, there is no evidence or explanation in the record establishing what Compton believes caused her to slip and fall in the Hardee's bathroom. Just as in *Phelps*, Compton's "inability to identify the mechanism which caused her fall is fatal to her premises liability claim." *Phelps*, 630 S.W.3d at 629. "Without some proof or testimony indicating [Hardee's] failed to discover an unreasonably dangerous condition and either correct or warn of it, any attempt to lay blame for [Compton's] fall is an exercise in surmise and speculation." *Id.*

Furthermore, it is well-established that a "party opposing summary judgment cannot rely on their own claims or arguments without [offering] significant evidence." *Wymer v. JH Props., Inc.*, 50 S.W.3d 195, 199 (Ky. 2001). Compton had over one year to produce evidence and was only one month away from trial when summary judgment was granted. Due to Compton's failure to produce sufficient evidence of negligence, we find no error in the trial court's grant of summary judgment.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Johnson Circuit Court is AFFIRMED.


ALL CONCUR.

BRIEF FOR APPELLANT:

Wolodymyr Cybriwsky
Prestonsburg, Kentucky

BRIEF FOR APPELLEE:

Christopher L. Rhoads
Nathan Lee Bishop
Owensboro, Kentucky