RENDERED:  OCTOBER 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1041-MR

DARRIS SMITH                                                                    APPELLANT

v.                       APPEAL FROM ROWAN CIRCUIT COURT
                        HONORABLE WILLIAM EVANS LANE, JUDGE
                        ACTION NO. 20-CI-90035

ST. CLAIRE REGIONAL MEDICAL                                              APPELLEE
CENTER, ASSUMED NAME OF ST.
CLAIRE MEDICAL CENTER, INC.

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Darris Smith ("Smith") appeals from the Rowan Circuit

Court's order granting summary judgment in favor of St. Claire Regional Medical

Center[1] ("St. Claire") in this premises liability action.  Finding no error, we affirm.

---

[1] Assumed name of St. Claire Medical Center, Inc.

# BACKGROUND

Smith slipped and fell in St. Claire's parking lot one evening as he was walking to his car. According to Smith, the fall occurred because the parking lot had been sealed recently and the sealant[2] was wet due to the rain. Smith claims the surface was "slick as ice," like someone had poured oil onto it. Smith did not have any trouble walking before he slipped and did not notice any discoloration on the asphalt. He also did not notice any substance on his clothes or shoes after the fall. St. Claire concedes the parking lot was sealed two months before the accident.[3]

In addition to his deposition testimony, Smith filed an affidavit stating St. Claire was negligent when it sealed the parking lot and applied too much sealant which prevented it from drying properly. He also opined that applying sealant in September is not optimal because the temperatures at night slow the drying process. Smith tendered photographs of the parking lot taken by his brothers several hours after the incident, allegedly showing a discoloration of the parking lot caused by the sealant.

---

[2] Smith refers to the substance as sealer in his deposition but sealant in his affidavit. Although these are two different products used for different purposes, for simplicity's sake, we will simply refer to the substance as sealant in the Opinion.

[3] St. Claire sealed the parking lot on September 21-22, 2019, and the accident occurred on December 2, 2019.

As a result of the fall, Smith suffered a broken hip and later sued St. Claire, alleging that it was negligent in keeping the parking lot reasonably safe. St. Claire moved for summary judgment, arguing Smith could not prove it breached any duty owed to him, because Smith could not prove what caused his fall, citing *Phelps v. Bluegrass Hospitality Management, LLC*, 630 S.W.3d 623 (Ky. 2021). Smith countered that whether St. Claire breached its duty was an issue of fact for the jury. In a single-paragraph order, the trial court granted the motion and dismissed the complaint. This appeal followed.

## STANDARD OF REVIEW

"The standard of review on appeal of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson ex rel. Trent v. National Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002). Because these are legal questions our standard of review is *de novo*. *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 905 (Ky. 2013), *as corrected* (Nov. 25, 2013) (citations omitted).

## ANALYSIS

Smith claims the trial court erred in granting summary judgment and that genuine issues of material fact exist for trial. Specifically, he argues whether it was foreseeable that a recently sealed parking lot would be slick when it rained

-3-

and whether such risk is unreasonable are questions for the jury, citing *Shelton*, 413 S.W.3d at 916.[4]  St. Claire contends *Phelps* controls.  We agree with St. Claire that *Phelps* is the applicable precedent.

*Shelton* was an open-and-obvious premises liability case.  Smith has never argued the parking lot was an open-and-obvious hazard.  On the contrary, he testified he was not aware the parking lot was slick until he slipped.  Smith instead claims he encountered a foreign substance – sealant – which caused him to fall.  This case is more analogous to *Phelps*, a slip and fall case that also involved allegations of a foreign substance.[5]

Turning to our analysis, the relevant question on appeal is "whether [Smith] produced sufficient evidence of negligence to create a material issue of fact to submit to a jury." *Phelps*, 630 S.W.3d at 627-28.  "The basic elements of a negligence claim are:  duty, breach, causation, damages." *Id.* at 28 (internal quotation marks and citation omitted).  The parties agree that Smith was a business

---

[4] Although his argument is not well developed, Smith seems to believe *Shelton* automatically saves his case from summary judgment.  *Shelton* shifted the foreseeability analysis in open and obvious premises liability cases from the duty element of a negligence claim, a question of law, to the breach element, generally a fact question for the jury.  As a natural consequence of this shift, many cases which, previously, might have been decided on summary judgment now proceed to a jury.  Smith's brief merely summarizes *Shelton*'s holding and assumes its applicability to this case.

[5] While *Phelps* was also about an open-and-obvious condition, this fact was not relevant to the case's holding.

invitee of the hospital. Therefore, to create a rebuttable presumption of negligence sufficient to survive a motion for summary judgment, Smith had to show:

> (1) he . . . had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003); *see also Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 435-36 (Ky. 2003).

In *Phelps*, the plaintiff (Phelps) and her co-worker went to lunch and as they were getting up from the table, Phelps slipped and fell, injuring herself. She claimed she felt a waxy substance on the floor and that the manager told her the floor had been waxed the night before and had become slippery due to moisture in the air. However, Phelps' co-worker discerned nothing on the floor which might have caused Phelps' fall. Phelps sued the restaurant and following discovery, the restaurant moved for summary judgment. Along with the motion, it filed an affidavit from the restaurant manager stating no cleaning products or wax had been applied to the floor prior to the accident. The trial court granted the motion and dismissed Phelps' case.

On appeal, a panel of this Court affirmed the trial court, noting that Phelps "was unable to produce any evidence, other than her own testimony, to

support her allegations of negligence[.]" *Phelps v. Bluegrass Hosp. Management LLC*, No. 2018-CA-001279-MR, 2019 WL 4565230, at \*2 (Ky. App. Sept. 20, 2019), *aff'd,* 630 S.W.3d 623 (Ky. 2021). She could not identify any substance on her clothes or shoes, had no photographs of the area where she had fallen, and had no expert witness. On discretionary review, the Supreme Court affirmed the Court of Appeals, holding that Phelps had "failed to submit proof of a material fact – that being the presence of a hazardous condition upon BGH's business premises[,]" which was fatal to her claim. *Phelps*, 630 S.W.3d at 630.

> The Court observed that when faced with a premises liabilities claim:

> > [n]either courts nor juries are authorized to indulge in speculation or guesswork as to the cause of accidents; there must be some tangible evidence from which it may be fairly said what brought about the accident. It has long been the rule in this state that no recovery can be had in such cases where the evidence is so unsatisfactory as to require surmise or speculation as to how the injury occurred, and that there will be no presumption of negligence.

*Id.* at 628. Stated another way, "'[b]elief' is not evidence and does not create an issue of material fact. A plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 3 (Ky. 1990) (citation omitted).

While Phelps claimed she slipped on a waxy substance, she produced no tangible evidence of such and no expert testimony establishing the breach of

any duty owed to her. *Phelps*, 630 S.W.3d at 629. As such, "Her case relies[d] entirely on conjecture. Without some proof or testimony indicating BGH failed to discover an unreasonably dangerous condition and either correct or warn of it, any attempt to lay blame for Phelps' fall [was] an exercise in surmise and speculation." *Id.* Ultimately, the Court ruled that "Phelps' inability to identify the mechanism which caused her fall [was] fatal to her premises liability claim." *Id.* at 629. Without proof of an unsafe substance or condition that caused her fall, she could not prove the restaurant breached any duty owed to her. *Id.*

Similarly, here, Smith cannot identify the mechanism which caused his fall. Therefore, he cannot show he had an encounter with a foreign substance that was a substantial factor in causing the accident. He alleges the parking lot was slippery because of a sealant but produced no tangible proof of such a condition. There was no substance on his clothes or shoes and although he provided pictures showing a discoloration of the parking lot, the photos are low quality and were taken several hours after the fall. Further, the source of the discoloration is unclear, whether rain, sealant, or something else.

While St. Claire concedes the parking lot was sealed two months prior to the accident, Smith produced no evidence the sealant ever constituted a hazard, much less at the time of the fall. Smith asserts St. Claire should have known "a recently sealed parking lot would become slippery in the rain" and that St. Claire

was negligent in overapplying the sealant so that it was "mushy and slick." But Smith offered no expert testimony to corroborate these claims. It is well-established that a "party opposing summary judgment cannot rely on their own claims or arguments without [offering] significant evidence[.]" *Wymer v. JH Props., Inc.*, 50 S.W.3d 195, 199 (Ky. 2001). "Without some proof or testimony indicating [St. Claire] failed to discover an unreasonably dangerous condition and either correct or warn of it, any attempt to lay blame for [Smith's] fall is an exercise in surmise and speculation." *Phelps*, 630 S.W.3d at 629. Because Smith failed to produce sufficient evidence of negligence, the trial court did not err in granting summary judgment.

## **<u>CONCLUSION</u>**

Therefore, the order of the Rowan Circuit Court is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Winter R. Huff
Somerset, Kentucky

C. Graham Martin
Salyersville, Kentucky

BRIEF FOR APPELLEE:

Cathy L. Stickels
Olivia C. Keller
Covington, Kentucky