**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3329
_____

WON S. CHOI,
                                     Appellant

v.

COSTCO WHOLESALE CORPORATION; JOHN DOES 1–5; ABC COMPANIES 1–5
(both being fictitious designations)

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:19-cv-17916)
District Judge:  Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 17, 2023

_____

Before:  CHAGARES, Chief Judge, MATEY and FUENTES, Circuit Judges.

(Filed: February 16, 2024)
_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Chief Judge.

Won Soon Choi ("Choi") slipped and fell in a Costco Wholesale Corporation ("Costco") warehouse. After Choi brought claims of negligence against Costco, the District Court granted Costco's motion for summary judgment. We will affirm the judgment of the District Court.

I.

We write primarily for the parties and recite only the facts essential to our decision. On a clear, dry day in May 2018, Choi entered a Costco warehouse in Teterboro, New Jersey. He slipped and fell in the office supply aisle on an "oily substance" on the floor. Appellant's Appendix ("App.") 19–20 ¶ 1. Before his fall, Choi did not see anything on the floor. Choi did not know how the substance first appeared on the floor, or for long it had been there. The office supply aisle did not contain any products that could have caused the oily substance on the floor.

Choi's slip and fall was captured on Costco's surveillance video, which lasts approximately twenty minutes. The video captured about fifteen minutes before the incident, and about five minutes after the incident. In the fifteen minutes prior to Choi's fall, the video reveals that nineteen individuals walked through the area where Choi subsequently fell. The last individual to walk through the area before Choi's fall did so only one minute before the incident. None of these nineteen individuals slipped, fell, or gave any indication that they lost their footing. A Costco employee was seen in the video unloading a pallet and stocking a shelf in the same aisle where Choi fell. None of the

2

nineteen individuals who walked through the area notified the Costco employee about any hazards on the floor.

According to Costco, its employees conduct hourly inspections of the warehouse, which are called "floor walks," to ensure that no potentially hazardous conditions are on the floor. Costco asserts that its employees conducted the hourly floor-walk inspections on the date of the incident, but Choi notes that Costco's own video footage did not reveal any floor walks.

Choi initially filed this action for negligence in New Jersey state court. Costco then removed the case to the United States District Court for the District of New Jersey on the basis of diversity jurisdiction. Costco sought summary judgment, arguing that there are no genuine issues of material fact to demonstrate that Costco had actual or constructive notice of the allegedly dangerous condition at issue.

The District Court granted Costco's motion for summary judgment. The District Court concluded that Choi failed to argue that Costco had actual notice of the condition and proffer any evidence that Costco had constructive notice of the condition, which was fatal to Choi's negligence claim. Choi timely appealed.

II.

The District Court had jurisdiction under 28 U.S.C. §§ 1332 and 1441. We have appellate jurisdiction under 28 U.S.C. § 1291.

Our review of a district court's grant of summary judgment is plenary. Physicians Healthsource, Inc. v. Cephalon, Inc., 954 F.3d 615, 618 (3d Cir. 2020). We apply the same standard of review as the District Court, so summary judgment is appropriate only

3

when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. (quoting Fed. R. Civ. P. 56(a)). We view all "the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Stone v. Troy Constr., LLC, 935 F.3d 141, 147 n.6 (3d Cir. 2019) (quoting Prowel v. Wise Bus. Forms, Inc., 579 F.3d 285, 286 (3d Cir. 2009)).

### III.

To succeed on a negligence claim, a plaintiff must prove: "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." Townsend v. Pierre, 110 A.3d 52, 61 (N.J. 2015) (quotation marks omitted) (quoting Polzo v. Cnty. of Essex, 960 A.2d 375, 384 (N.J. 2008)). Under New Jersey law,[1] "[b]usiness owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." Nisivoccia v. Glass Gardens, Inc., 818 A.2d 314, 316 (N.J. 2003). This duty of care "requires [the] business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." Id.

When an invitee is injured on a business owner's property, the business owner "is liable for such injuries if the owner had actual or constructive knowledge of the dangerous condition that caused the accident." Jeter v. Sam's Club, 271 A.3d 317, 324 (N.J. 2022). An invitee seeking to hold the business owner accountable for negligence "must prove, as an element of the cause of action," that the business owner had actual or

---

[1] The parties agree that New Jersey law applies, as do we.

4

constructive knowledge of the hazard. Prioleau v. Ky. Fried Chicken, Inc., 122 A.3d 328, 335 (N.J. 2015) (quoting Nisivoccia, 818 A.2d at 316). Absence of actual or constructive knowledge is "fatal" to a plaintiff's premises liability claim. Arroyo v. Durling Realty, LLC, 78 A.3d 584, 586 (N.J. Super. Ct. App. Div. 2013).

A business owner has constructive notice "when the condition existed for such a length of time as reasonably to have resulted in knowledge and correction had the [business owner] been reasonably diligent." Jeter, 271 A.3d at 324 (quotation marks omitted) (quoting Troupe v. Burlington Coat Factory Warehouse Corp., 129 A.3d 1111, 1114 (N.J. Super. Ct. App. Div. 2016)). "Constructive notice can be inferred in various ways," such as eyewitness testimony or from "[t]he characteristics of the dangerous condition giving rise to the slip and fall." Troupe, 129 A.3d at 1114. However, "the mere existence of an alleged dangerous condition is not constructive notice of it." Jeter, 271 A.3d at 324 (cleaned up) (quoting Arroyo, 78 A.3d at 586).

Choi asserts that the District Court erred by granting summary judgment to Costco on the grounds that Choi failed to establish constructive notice. According to Choi, he presented sufficient evidence to permit a jury to reasonably infer that the condition existed for enough time for Costco to discover and remedy it. We disagree. After carefully reviewing the record, we conclude that no rational jury could determine that Costco had constructive notice of the condition.

To establish constructive notice, Choi was required to prove that the allegedly hazardous condition was present for a sufficient duration, such that Costco should reasonably have known of the condition, had Costco been reasonably diligent. See Jeter,

5

271 A.3d at 324. Yet here there was no basis in the record for a jury to make this determination, absent pure speculation. Choi did not notice the oily substance on the floor before he fell, and he has no knowledge of how the substance appeared or for how long it was present. Costco's video footage does not reveal when the substance first appeared on the floor, either. In the fifteen minutes prior to Choi's fall, the video showed that nineteen patrons passed through the office supplies aisle. All nineteen patrons walked through the aisle without incident — it does not appear that any of the patrons slipped, fell, or lost their footing. Similarly, none of these patrons are seen notifying the nearby Costco employee about a condition on the floor.

We agree with the District Court that Choi has not proffered any evidence that would permit a jury to reasonably infer how long the hazardous condition was on the floor. Although Choi established that an oily substance was on the floor, the mere existence of this hazardous condition cannot constitute constructive notice. See Arroyo, 78 A.3d at 586. And because Choi has not presented any evidence of how long the condition had been present, he cannot establish that the condition existed for a long enough period that Costco should have discovered and remedied the situation. See Jeter, 271 A.3d at 321–22, 327 (affirming the grant of summary judgment to the defendant-store owner after the plaintiff failed to show any evidence of how long the hazard existed).

Choi raises three arguments to support his position that Costco had constructive notice of the hazardous condition. For the reasons discussed below, each argument lacks merit.

6

A.

First, Choi argues that Costco's video footage provides evidence of constructive notice because it establishes that "the condition existed for a minimum of [fifteen] minutes prior to the accident occurring."[2] Choi Br. 20. According to Choi, the condition could not have occurred during these fifteen minutes because the video "is completely devoid of a patron spilling anything on the floor during this time period." Choi Br. 18.

Choi's argument fails, however, because he asks us to speculate as to how long the oily substance was on the floor. As Choi acknowledges, the video does not reveal a patron causing the condition, or the Costco employee taking notice of the condition. Choi contends that the <u>absence</u> of these events suggests that the condition could not have occurred in the fifteen minutes before Choi's fall, but Choi's argument only highlights that he cannot establish when the condition began. Choi assumes — rather than establishes — that the condition was on the floor prior to the start of the surveillance video. See <u>Halsey v. Pfeiffer</u>, 750 F.3d 273, 287 (3d Cir. 2014) ("[A]n inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." (quoting <u>Robertson v. Allied Signal, Inc.</u>, 914 F.2d 360, 380 n.12 (3d Cir. 1990))). Moreover, the fact that nineteen individuals safely walked through the aisle during the fifteen minutes before Choi's fall undermines Choi's argument that

---

[2] Choi argues that the video footage demonstrates that the oily substance was on the floor for twenty minutes before the fall, but Choi misconstrues the relevant timeframe. Although Costco's video footage is approximately twenty minutes long, the video shows the time period both before and <u>after</u> Choi's slip and fall. Specifically, the video commences approximately fifteen minutes before the incident, and it continues for approximately five minutes after the incident.

the oily substance was on the floor throughout this time period.

B.

Second, Choi argues that Costco had constructive notice due to the presence of the Costco employee, who was stocking shelves near the spot where Choi fell. Choi contends that the Costco employee had "ample time to discover" the condition "based upon his immediate proximity to the hazard" for approximately fifteen minutes prior to Choi's fall. Choi Br. at 20. This argument is unavailing. Despite Choi's conclusory statements about what the Costco employee should have done, Choi has still failed to establish how long the condition existed before the incident. And, without any evidence showing how long the condition remained on the floor, a jury could only speculate as to whether Costco should have discovered and remedied it. See Troupe, 129 A.3d at 1114 (noting that although business owners have an affirmative duty to inspect their premises, they are "generally not liable for injuries caused by defects of which they had no actual or constructive notice and no reasonable opportunity to discover").

Moreover, Choi cites no caselaw or other authority to support the proposition that the presence of an employee near the site of the hazardous condition alone provides the business owner with constructive notice.[3] In fact, New Jersey courts have held that an

---

[3] Choi cites several cases in which employees worked near the alleged hazard and the court found a material question of fact. See, e.g., Bezglasnaya v. Trump Ent. Resorts, Inc., No. 11-cv-564, 2013 WL 796308, at *4 (D.N.J. Mar. 4, 2013); Romeo v. Harrah's Atl. City Propco, LLC, 168 F. Supp. 3d 726, 732 (D.N.J. 2016). But these cases are distinguishable from the case at hand. In Choi's cited cases, the record contained additional evidence beyond the mere proximity of the employees to the hazardous condition. See Bezglasnaya, 2013 WL 796308, at *1, *4 (citing evidence that "[t]he fall occurred in an area observed by the hostesses [of the defendant-restaurant] while they

8

employee's proximity to a hazardous condition does not, without more, constitute constructive notice. See, e.g., Adler v. Wakefern Food Corp., No. A-0026-18T4, 2019 WL 3003439, at *3 (N.J. Super. Ct. App. Div. July 10, 2019) (per curium) (rejecting the plaintiff's argument that "because the employee was stocking shelves near where [the plaintiff] slipped and fell, [the defendant-supermarket] was on notice of the hazardous condition").

C.

Third, Choi argues that a jury may infer how long the oily substance existed on the floor from the inherent characteristics of the substance. In certain cases, "[t]he characteristics of the dangerous condition giving rise to the slip and fall . . . may support an inference of constructive notice about the dangerous condition." Troupe, 129 A.3d at 1114. This inference can only be made, however, where the inherent characteristics of a condition indicate "that the condition existed for some period of time," such that "a jury might reasonably infer that the time involved was sufficient for [the defendant] to have

_____

waited to seat patrons," and "the hostess who was leading [the] plaintiff to her table . . . either walked over or close to the area where [the] plaintiff fell"); Romeo, 168 F. Supp. 3d at 732 (discussing surveillance video depicting a patron spilling liquid on the floor and the defendant-casino's employee "walking in the general area of the existing spill, lingering for a moment, and then departing the area").

    Here, by contrast, Choi only points to the fact that the Costco employee was stocking shelves in the same aisle where Choi slipped and fell. There is no evidence in the record that the Costco employee "was expected to monitor the condition of the floor while performing his assigned task of stocking shelves or was remiss in not noticing and remediating the hazardous condition before [Choi's] fall." Adler v. Wakefern Food Corp., No. A-0026-18T4, 2019 WL 3003439, at *3 (N.J. Super. Ct. App. Div. July 10, 2019). The Costco employee also certified that he did not know where the oily substance came from, or how long the condition was on the floor. Without more, we can only speculate as to whether Costco had constructive notice of the condition.

discovered the condition." Milacci v. Mato Realty Co., Inc., 525 A.2d 1120, 1122 (N.J. Super. Ct. App. Div. 1987) (concluding that the plaintiffs' description of the dangerous condition as an "accumulation of sand and dirt" suggested that the condition had been on the floor for some period of time).

Here, however, there is no evidence that the oily substance's inherent characteristics would allow a jury to reasonably infer how long it had been on the floor. Although the accumulation of dirt and debris may indicate duration, Choi admitted during his deposition that he did not see any dirt or debris in the oily substance after he fell. Choi also captured close-up photographs of the oily substance after his fall, but these photographs illustrate that the substance was largely undisturbed, except for two footprints from when Choi slipped and fell. The oily substance also appears free of dirt, debris, cart marks, or other footprints that might indicate how long the substance had been on the ground. See Troupe, 129 A.3d at 1114 (holding that the plaintiff failed to establish constructive notice of a berry on the floor, where the record contained "no eyewitnesses and nothing about the characteristics of the berry that would indicate how long it had been there").[4]

---

[4] Choi cites several out-of-state cases involving melting substances to support his argument, but these cases are inapposite. In Choi's cited cases, courts found that when substances such as snow, ice, or semi-frozen products were in a melting state on the floor, this evidence gave rise to an inference of constructive notice because the substances must have been on the floor long enough to begin melting. See, e.g., Smith v. Wal-Mart Stores, Inc., 6 S.W.3d 829, 831 (Ky. 1999). But Choi fails to explain how melting substances are analogous to the oily substance at issue here. An oily substance typically does not change its state over time, such that a jury could draw any inferences regarding the duration of time that the condition remained on the floor.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.